TYEE CONSOL. MIN. CO. v. LANGSTEDT.

(Circuit Court of Appeals, Ninth Circuit. March 2, 1903.)

No. 875.

1. ERROR—DISMISSAL OF WRIT—DATE OF FILING ASSIGNMENT OF ERRORS.

A writ of error will not be dismissed because the assignment of errors bears the file mark of the clerk of the trial court of a date later than that on which the petition for the writ was filed and allowed, where from its date and from reference thereto in the petition it appears that

the assignment of errors was in fact presented to the court and lodged with the clerk on the same date as the petition.

2. LIMITATION—EJECTMENT—EVIDENCE OF POSSESSION.

Under Code Civ. Proc. Alaska, c. 2, § 4, which provides that no action to recover real property or the possession thereof shall be maintained unless it shall appear that plaintiff or one of his predecessors in title was seised or possessed of the premises within 10 years before the commencement of the action, the legal title is sufficient to establish both seisin and possession, unless an ouster by actual adverse possession is shown.

3. ADVERSE POSSESSION—REQUISITES—EXCLUSIVE AND HOSTILE CHARACTER.

A finding, in an action of ejectment by the owner of the legal title to a mining claim to recover a portion thereof, that defendant had been in the "actual, open, notorious, and continuous possession" of the land described in the complaint, with claim of ownership for a longer time than that required to bar the action by adverse possession, will not sustain a judgment for defendant on that ground, but it must further appear that his possession was both exclusive and hostile.

In Error to the District Court of the United States for the First Division of the District of Alaska.

The plaintiff in error brought ejectment to recover the possession of a certain portion of the land patented to it as a lode-mining claim. The defendant pleaded the statute of limitations. Thereupon the parties stipulated as follows:

"It is hereby stipulated by and between the parties to this action, and by and between their respective attorneys, that the issue involved in this case is the question of the statute of limitations; that is to say, if the court finds that the plaintiff has commenced its action against the defendant within the time limited by law, then the plaintiff shall have judgment against the defendant; if the court shall find that the plaintiff did not commence its action against the defendant within the time limited by law, then the defendant shall have judgment.

"It is further stipulated and agreed that the Bonanza King lode claim, described in the complaint herein, was located on January 29, 1884, by one Walter Pierce; that said Pierce conveyed by deed said Bonanza King lode claim to M. W. Murry on May 13, 1884; that receiver's receipt issued to said Murry on May 20, 1890, and that United States patent for said Bonanza King lode claim issued to said Murry from the government of the United States on December 26, 1890; that thereafter said Murry conveyed by deed said Bonanza King lode claim to one Frank Griffin, and that said Griffin, on May 28, 1895, conveyed by deed said Bonanza King lode claim to the Tyee Consolidated Mining Company, the plaintiff herein.

"It is further agreed that this stipulation shall affect and extend to eight cases, numbered 29a, 30a, 32a, 33a, 35a, 37a, 38a, and 39a, inclusive, as the same now appear upon the calendar of this court at this term."

The stipulation left to the court the decision of the question whether the defense as pleaded was a bar. The court found thereon, in the precise words of the answer, as follows: "That the defendant and his grantors and predecessors in interest have been in the actual, open, notorious, and continuous possession, for a period of more than ten years prior to the commencement of this action, of the land in controversy. That the defendant, his grantors and predecessors in interest, during the entire period of ten years as above set forth, and ever since, have claimed to be the owners of said land, and that they now claim adversely to the plaintiff." Thereupon the court concluded that the cause of action accrued more than 10 years prior to the commencement thereof, and dismissed the same.

John G. Heid, R. F. Lewis, and Alfred Sutro, for plaintiff in error.

Lorenzo S. B. Sawyer and Crews & Hellenthall, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

A motion is made to dismiss the writ of error upon the ground that no assignment of errors was filed with the clerk of the court below at the time of filing the petition for the writ. The motion is made upon the condition of the record as it appears, showing the file marks of the clerk of the court at Juneau, Alaska. From these indorsements of the clerk it appears that the petition for the writ was filed on June 23, 1902; that the writ was issued on that day, and was filed on July 10, 1902; and that on the same day the assignment of errors was filed. The case of Frame v. Portland, etc., Co., 47 C. C. A. 664, 108 Fed. 750, is cited in support of the motion. In that case the Circuit Court of Appeals for the Eighth Circuit held it indispensable, under rule 11 (32 C. C. A. cxlvi), that the assignment of errors be filed before the issuance of the writ, to the end that the judge to whom application is made for the writ may be informed of the alleged errors upon which the petitioner relies, in order to decide whether the prayer of the petition shall be granted, and that the opposing counsel, as well as the appellate court, may be informed of the questions of law which are to be raised for consideration. On referring to the transcript in the present case, it will be seen that the assignment of errors bears date June 23, 1902, the date of the presentation of the petition, and that in the petition reference is made to it as "the assignment of errors filed herewith." The fair inference from these facts is that the assignment of errors was in fact presented to the trial court, and was lodged with the clerk thereof, at the time when the petition for the writ was filed, and that, through some oversight of the clerk or misconception of his duty, the file mark was not placed thereon until July 10th. In the absence of a showing to the contrary, the presumption will be indulged that such was the case, and the motion to dismiss will therefore be denied.

This case presents on the merits the single question of law whether the cause of action was barred by the statute of limitations. The lode claim in controversy was located as a mining claim on January 29, 1884, by one Walter Pierce, who on May 13, 1884, conveyed the same to W. W. Murry. The receiver's receipt was issued to said Murry on May 20, 1890, and on December 26, 1890, he received a patent from the United States. His grantee commenced the present action on December 24, 1900. The defendant in error answered, denying every allegation of the complaint, and alleging that he and his grantors and predecessors in interest had been in the "actual, open, notorious, and continuous possession" of the tract of land described in the complaint more than 10 years prior to the date of the commencement of the action, and during that period, "and ever since, have claimed to be the owner of said tract of land, and that the defendant now claims adversely to the plaintiff." A stipulation was filed whereby it was admitted that the mining claim was located and that patent issued as above stated, and the parties submitted to the court the decision of the question of law whether the facts pleaded in the answer constituted a bar to the action, and agreed that judgment should follow accordingly.

In the view we take of the record which comes before us, we are not called upon to decide the question whether an adverse possession could have been initiated against the plaintiff in error before the date when its patent issued from the United States. The statute of limitations applicable to this case is found in the Code of Civil Procedure of Alaska (chapter 2, § 4), which provides as follows:

"Within ten years, actions for the recovery of real property, or for the recovery of the possession thereof; and no action shall be maintained for such recovery unless it shall appear that the plaintiff, his ancestors, predecessors, and grantors, was seised or possessed of the premises in question within ten years before the commencement of the action."

A legal title gives a right of possession as well as the legal seisin, and possession coextensive with the right, until there is an ouster by adverse possession. Said the court, in United States v. Arredondo, 6 Pet. 691, 743, 8 L. Ed. 547:

"The law deems every man to be in the legal seisin and possession of land to which he has a perfect and complete title. This seisin and possession is coextensive with his right, and continues till he is ousted thereof by an actual adverse possession."

What is an "actual adverse possession"? In Armstrong v. Morrill, 14 Wall. 120, 145, 20 L. Ed. 765, the court said:

"It is well-settled law that the possession, in order that it may bar the recovery, must be continuous and uninterrupted, as well as open, notorious, actual, exclusive, and adverse. * * * The possession must be adverse, as seisin and possession are supposed to be coextensive with the right, and that the possession continues till the party is ousted thereof by an actual possession in another under a claim of right." ·

In Sharon v. Tucker, 144 U. S. 533, 12 Sup. Ct. 720, 36 L. Ed. 532, the court thus defined the requisites of an adverse possession:

"It must be an open, visible, continuous, and exclusive possession, with a claim of ownership such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claim of others, but adversely to all titles and all claimants."

In Ward v. Cochran, 150 U. S. 597, 14 Sup. Ct. 230, 37 L. Ed. 1195, the court held invalid a judgment which had been rendered on a special verdict which found the defendant's possession to be open, continuous, notorious, and adverse with the claim of ownership. The court ruled that, in order to make out the defense to the action of ejectment, the possession must, in addition to the features specified in the special verdict, have been shown to be actual and exclusive. Said the court (at page 608, 150 U. S., and page 233, 14 Sup. Ct., 37 L. Ed. 1195):

"A possession not actual, but constructive; not exclusive, but in participation with the owner or others falls very far short of that kind of adverse possession which deprives the true owner of his title."

Again, in Lowndes v. Huntington, 153 U. S. 31, 14 Sup. Ct. 758, 38 L. Ed. 615, the court reiterated the rule that such possession, to avail against the legal title, "must be adverse and exclusive."

Measured by these utterances of the Supreme Court, the possession of the defendant in error was not adverse, and did not amount to disseisin of the plaintiff in error or its grantors. It was actual,

open, notorious, and continuous, with a claim of ownership, but it lacked two essential requisites: It was not shown to be either exclusive or hostile. The averment in the answer that the defendant "now" claims adversely, if it have any significance, serves only to strengthen the inference that prior to the commencement of the action his claim was not adverse. The possession not being adverse, the statute of limitations never began to run. It was error, therefore, to enter judgment upon the stipulation in favor of the defendant in error.

The judgment is reversed, and the cause remanded for further proceedings in accordance with the foregoing views.