EASTERN OREGON LAND CO. v. BROSNAN et al.

SAME v. SIMPSON.

(Circuit Court of Appeals, Ninth Circuit. September 7, 1909.)

Nos. 1,694, 1,695.

ADVERSE POSSESSION (§ 7*)—AGAINST WHOM PRESCRIPTION MAY BE CLAIMED—PUBLIC LANDS.

Possession of land, although in admitted subordination to the United States, from which the person in possession is seeking to obtain title, may nevertheless be adverse to every one else, and, when continued for the statutory period, may be set up in bar to an action by one claiming under a prior grant.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 33–40; Dec. Dig. § 7.*]

In Error to the Circuit Court of the United States for the District of Oregon.

Huntington & Wilson and E. S. Pillsbury, for plaintiff in error.

W. H. Brooke and F. M. Saxton, for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and HUNT, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ROSS, Circuit Judge. These cases were argued and submitted together. Each is an action of ejectment brought to recover the possession of a certain tract of land situated in Malheur county, Or. The answer in each case put in issue the plaintiff's alleged title, and, among other things, set up in defense the statute of limitations.

It is conceded that in each case the sole question arose out of the plea of the statute of limitations, which was sustained in the court below. While the evidence went to show that in each case the defendants and their predecessors in interest held adversely to the plaintiff for the statutory period, it is stipulated that they did not so hold against the government of the United States, but, on the contrary, during such possession, sought title to the land from the government.

It does not seem to be questioned, certainly the general rule is well settled, that adverse possession of land, though held in admitted subordination to the title of the government, may nevertheless be adverse to every one else. Missouri Valley Land Co. v. Wiese, 208 U. S. 234, 28 Sup. Ct. 294, 52 L. Ed. 466; Iowa Railway Co. v. Blumer, 206 U. S. 482, 27 Sup. Ct. 769, 51 L. Ed. 1148. The point made on behalf of the plaintiff in error, however, is that, to render a possession adverse under the law of the state of Oregon, it must be held under a claim of title against the whole world; that the Oregon statute upon the subject is so construed by the Supreme Court of that state in the cases of Beale v. Hite, 35 Or. 176, 57 Pac. 322, 58 Pac. 102, Altschul v. O'Neill, 35 Or. 202, 58 Pac. 95, and Altschul v. Clark, 39 Or. 321, 65 Pac. 991, and that in such a matter the federal courts will always be governed by the decision of the highest court of the state.

It is true that at the time of the filing of the brief of the plaintiff in error, and at the time of the oral argument of these causes, the cases of Beale v. Hite, Altschul v. O'Neill, and Altschul v. Clark stood as the law of Oregon in respect to the character of adverse possession required by the Oregon statute; but by the very recent decision of the Supreme Court of that state, made in the case of Boe v. Arnold (decided June 1, 1909) 102 Pac. 290, the previous cases of Beale v. Hite, Altschul v. O'Neill, and Altschul v. Clark were expressly overruled—the court concluding its opinion in these words:

"In view of the authorities cited, and especially in the light of the views so lately expressed by the highest tribunal of the nation, we now hold that one claiming title to the land by adverse possession for a period of 10 years as against all persons, but recognizing the superior title of the United States government, and seeking in good faith to acquire that title, may assert such adverse possession as against any person claiming to be the owner under a prior grant."

This leaves the general rule above alluded to applicable to the present cases, with the necessary result, in view of the record, that the judgment in each case must be affirmed.

Ordered accordingly.