NOBLE v. MELCHOIR.

(Third Division. Valdez. September 11, 1917.)

No. S/96.

1. PUBLIC LANDS ⟨⟩31—HOMESTEAD SETTLEMENT THEREON.

The defendant settled upon a tract of unoccupied and unappropriated public nonmineral lands in Alaska, and built a home thereon, and resided there, with the expectation at some time of acquiring a legal title thereto. *Held*, the possessory right thus acquired is a property right, for the protection of which an appropriate action may be maintained by the occupant.

2. ADVERSE POSSESSION ⟨⟩7(3)—LIMITATION OF ACTIONS.

The defendant settled upon a tract of unoccupied and unappropriated public nonmineral lands belonging to the United States, with intent to acquire title thereto from the United States, and at all times thereafter openly, notoriously, and adversely claimed the right to own and possess the same as his home, adversely to all the world, and did exclusively, openly, and continuously do so. After his rights had thus become fixed, another person filed upon and entered a larger tract of land, embracing the defendant's tract, and acquired a patent thereto from the United States. Patent issued May 1, 1905. Defendant remained in peaceable and undisturbed possession of his tract till the bringing of this suit in ejectment by those claiming under the patent on July 27, 1916. To the complaint in ejectment defendant pleaded in bar the statutes of limitation of actions and adverse possession. Sections 836 and 1874, Comp. Laws Alaska 1913. *Held*, the defendant has shown by competent evidence that he entered upon this land at a time when he had a right to do so, and under a claim of right, and has ever since been in the actual, exclusive, and continuous possession thereof, holding adversely to the plaintiff and his predecessors in interest, during the statutory period, to wit, more than ten years after the issuance of patent to the said Ballaine and before the commencement of this action. Findings and judgment for defendant.

This is an action in ejectment, to recover possession of two lots in the town of Seward. By stipulation it was tried before the court without a jury. Defendant sets up in bar the statute of limitations, and claims to have been in the "actual, exclusive, notorious, open, continuous, uninterrupted, and adverse possession of said lots * * * for a period of more than ten years prior to the commencement of this action," and

alleges that neither the plaintiff, his ancestor, predecessor, nor grantor, was seised or possessed of the premises in question within ten years before the commencement of the action. The issue is joined by the reply of the plaintiff, denying said affirmative defense.

Defendant has established by a preponderance of the evidence that he went upon the premises in controversy in the year 1903, when the same was unappropriated and unoccupied nonmineral public land of the United States, covered by trees and brush; that he built a cabin thereon in said year, and has ever since continued, and still continues, to occupy and use the same as his home; that he has fenced and otherwise improved said premises; that he has at all times openly, exclusively, and notoriously held and claimed same as his home by actual possession, adversely to all the world, except for short periods, when he would be absent prospecting or doing assessment work on mining claims.

Plaintiff shows a record title from Frank L. Ballaine, to whom patent for United States survey 726 S was issued on May 1, 1905, and 726 N on May 20, 1905, and the land included in said surveys was platted into town lots, known as the town of Seward. The said town was not incorporated until the year 1912, and therefore no taxes were assessed, levied, or collected thereupon until that year.

The defendant paid the municipal tax on said premises for the years 1915 and 1916, although the evidence shows a tender by plaintiff to the defendant for the amount of the taxes paid by him.

The testimony of S. O. Morford, a witness for the plaintiff, shows that about the year "1905 or 1906" he was acting as agent for the predecessors in interest of plaintiff and talked with defendant, and at that time he thought the cabin of the defendant was in the street, or what was laid out and platted as a street, although same was practically a wilderness of trees and brush. No testimony was offered by plaintiff to show that any actual survey or effort was made to identify or ascertain if at that time the defendant was on the property of the alleged owner represented by the witness Morford.

L. V. Ray, of Seward, for plaintiff.
L. L. James, Jr., of Seward, for defendant.

BROWN, District Judge. This action was begun by the filing of plaintiff's complaint on the 27th of July, 1916.

Section 836, Comp. Laws Alaska 1913, provides:

"Sec. 836. The periods prescribed in section 835 of this act for the commencement of actions shall be as follows: Within ten years actions for the recovery of real property, or for the recovery of the possession thereof; and no action shall be maintained for such recovery unless it shall appear that the plaintiff, his ancestor, predecessor, or grantor was seized or possessed of the premises in question within ten years before the commencement of the action: Provided, in all cases where a cause of action has already accrued, and the period prescribed in this section within which an action may be brought has expired or will expire within one year from the approval of this act, an action may be brought on such cause of action within one year from the date of the approval of the act."

Section 1874, Comp. Laws Alaska 1913, provides:

"Sec. 1874. The uninterrupted adverse notorious possession of real property under color and claim of title for seven years or more shall be conclusively presumed to give title thereto except as against the United States."

Plaintiff relies upon the authority of Jasperson v. Scharnikow, 150 Fed. 571, 80 C. C. A. 373, 15 L. R. A. (N. S.) 1178, a case decided in the Circuit Court of Appeals for the Ninth Circuit, and, if the facts were at all similar to those in the case at bar, this authority would be controlling. In the Jasperson Case, however, the defendant, who set up the bar of the statute of limitations, went upon a tract of land which he knew was patented and owned by another. In that case the court says (150 Fed at page 572, 80 C. C. A. at page 374 [15 L. R. A. (N. S.) 1178]):

"A man must have a bona fide claim, or believe in his own mind that he has got a right as owner, when he goes upon land that does not belong to him, in order to acquire title by occupation and possession. The defendant's evidence fails to show any claim of right in Bryant when he went on the land. There is not a particle of testimony that squints in the direction that he supposed that he had any right, or that he went there for any other purpose than to acquire right, if he could do so by holding long enough without molestation."

In the case at bar the defendant went upon the land at a time when, as far as the evidence shows, it was unoccupied and unappropriated public land of the United States, and the defendant had an undoubted right, as an American citizen and a settler upon a proposed town site, to go upon the same and

build a home thereon, with the expectation at some time of acquiring a legal title thereto. The possessory right thus acquired by defendant is a property right, for the protection of which an appropriate action may be maintained by the occupant. See Carroll v. Price (D. C.) 81 Fed. 139; Walsh v. Ford, 1 Alaska, 152; Sawyer v. Van Hook, 1 Alaska, 109; Act March 3, 1891, 26 Stat. 1099.

The defendant Melchoir at all times openly, notoriously, and adversely claimed the right to own and possess said land as his home, adverse to all the world, and did exclusively, openly, and continuously do so. If plaintiff and his predecessors did not have actual notice of this claim, they had constructive notice by the improvements placed thereon by defendant.

In the case of Smith v. Badura, 70 Or. 60, 139 Pac. 107, the court says:

"It is said in Angell on Limitations, § 383: 'As an adverse possession, then, for the time limited by the statute, confers a right, a purchaser of real estate must not trust merely to the papers and records, but must inquire of the person whether he claims to be the owner of the premises. Publicity and notoriety of possession are sufficient to put a purchaser upon inquiry, and amounts to constructive notice. Putting a fence, for an example, around the land, or erecting buildings upon it, are constructive notice to all the world. And it has been held that, to prevent the operation of the statute, a parol acknowledgment of the adverse possession by the person in possession must be such as to show that he intends to hold no longer under a claim of right; but declarations made merely with a view to compromise a dispute are not sufficient.' * * * In Altschul v. O'Neill, 35 Or. 202, 209, 58 Pac. 95, 97, it is said: 'It is not always possible to prove the claim of right or title by direct declaration to that effect, and the purpose of the party in holding must be gathered from his acts and demeanor while occupying. If such person uses the property as his own, that is one manner of declaring to the world, or the true owner, that he is asserting a title in hostility to the true title, and thenceforth the owner must beware. Such entry and use raises a presumption of the claim of right or title. It is not conclusive evidence, but a disputable presumption.' "

The case of Tyee Cons. Mng. Co. v. Langstedt, 121 Fed. 709, 58 C. C. A. 129, is a case decided by our own Circuit Court of Appeals, and is of course controlling in this court. In that case the court says (121 Fed. at page 712, 58 C. C. A. at page 132):

"In the view we take of the record which comes before us, we are not called upon to decide the question whether an adverse possession

could have been initiated against the plaintiff in error before the date when its patent issued from the United States. * * * What is an 'actual adverse possession'? In Armstrong v. Morrill, 14 Wall. 120, 145, 20 L. Ed. 765, the court said: 'It is well-settled law that the possession, in order that it may bar the recovery, must be continuous and uninterrupted, as well as open, notorious, actual, exclusive and adverse. * * * The possession must be adverse, as seisin and possession are supposed to be coextensive with the right, and that the possession continues till the party is ousted thereof by an actual possession in another under a claim of right.' In Sharon v. Tucker, 144 U. S. 533, 12 Sup. Ct. 720, 36 L. Ed. 532, the court thus defined the requisites of an adverse possession: 'It must be an open, visible, continuous, and exclusive possession, with a claim of ownership such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claim of others, but adversely to all titles and all claimants.' In Ward v. Cochran, 150 U. S. 597, 14 Sup. Ct. 230, 37 L. Ed. 1195, the court held invalid a judgment which had been rendered on a special verdict, which found the defendant's possession to be open, continuous, notorious, and adverse with the claim of ownership. The court ruled that, in order to make out the defense to the action of ejectment, the possession must, in addition to the features specified in the special verdict, have been shown to be actual and exclusive. Said the court (at page 608, 150 U. S., and page 233, 14 Sup. Ct. [37 L. Ed. 1195]): 'A possession not actual, but constructive—not exclusive, but in participation with the owner or others—falls very far short of that kind of adverse possession which deprives the true owner of his title.' Again, in Lowndes v. Huntington, 153 U. S. 31, 14 Sup. Ct. 758, 38 L. Ed. 615, the court reiterated the rule that such possession, to avail against the legal title, 'must be adverse and exclusive.'" "

The possession of the defendant Melchoir in the case at bar seems to meet all these requirements, in that it was actual, open, notorious, visible, continuous, exclusive, and adverse. See, also, Eastern Oregon Land Co. v. Brosnan, 173 Fed. 67, 97 C. C. A. 382.

If it be said that the defendant could have adversed the said Frank L. Ballaine, applicant for patent, by virtue of his prior possession, it may also be said that the applicant for patent had notice of the actual possession of the defendant of the land. Of course, had the patentee or his successor in interest brought suit within the ten years from the issuance of the patent, the bar of the statute of limitations could not then have been set up, and the defendant would probably have been precluded from setting up any prior possessory right by his failure to adverse the claim of the applicant for patent.

Even were this a case where the right of the defendant was

initiated by the defendant's trespass, there is abundant authority to support his right, where his holding is during the statutory period and is exclusive, continuous, notorious, and in open hostility to the right of the legal holder.

"Considerable confusion is caused by the failure to recognize the distinction between 'claim of right' and 'color of title.' Indeed, these terms are frequently used as synonymous, whereas, in fact, they are vastly different. Most of this misapprehension is due to the misleading, if not inaccurate, terms frequently used in the books to express adverse intent, such as 'claim of right,' 'claim of title,' and 'claim of ownership.' These terms, when used in this connection, mean nothing more than the intention of the disseisor to appropriate and use the land as his own to the exclusion of all others, irrespective of any semblance or shadow of actual title or right." 1 R. C. L. p. 706.

A long list of authorities is found in note (c) to the case of Jasperson v. Scharnikow, 15 L. R. A. (N. S.) 1233.

I am constrained to the belief that the defendant has shown by competent evidence that he entered upon this land at a time when he had a right to do so, and under a claim of right, and has ever since been in the actual, exclusive, and continuous possession thereof, holding adversely to the plaintiff and his predecessors in interest during the statutory period, to wit, more than ten years after the issuance of patent to the said Ballaine and before the commencement of this action, and the facts in this case do not bring it within the purview of the authority of Jasperson v. Scharnikow, supra.

Findings and judgment in favor of the defendant may therefore be prepared.