## Case No. 5,620.
### GORDON et al. v. SCOTT et al.
[2 N. B. R. 86 (Quarto, 28); [2] 3 Pittsb. Rep. 109; 7 Am. Law Reg. (N. S.) 749; 6 Phila. 484; 25 Leg. Int. 276; 15 Pittsb. Leg. J. 542; 1 Am. Law T. Rep. Bankr. 99.]

District Court, W. D. Pennsylvania. 1868.

WITNESS—SERVICE OF SUBPOENA—FEES—TAXATION OF COSTS IN BANKRUPTCY.

1. In the courts of the United States it is not necessary that the subpoena, for witnesses, should be served by the marshal.

[Cited in Stuart v. Hines, 33 Iowa, 60.]

2. The party who serves the same is entitled to recover for service and mileage.

3. The docket fee of twenty dollars is not taxable in cases of voluntary bankruptcy. But it is in cases of involuntary bankruptcy where there is a "trial" by jury, and in those voluntary cases where, under the thirty-first section of the act [of 1867 (14 Stat. 532)], the court is authorized to direct a trial upon specifications of objections to the bankrupt's discharge.

[Cited in Cummings v. Akron Cement & Plaster Co., Case No. 3,473; Morgan v. Thornhill, 11 Wall. (78 U. S.) 77; In re Mead, Case No. 9,364.]

These were exceptions to the taxation of costs in bankruptcy, which are sufficiently explained in the opinion of the court.

Mr. Marshall, for creditors.
Mr. Grant, for debtors.

McCANDLESS, District Judge. The questions presented are material to both the

---

debtor and creditor, as well as to gentlemen of the legal profession. They have been raised to settle a matter of practice about which there has been much diversity of opinion.

This is a case of involuntary bankruptcy. The debtors filed their answer, denying the acts of bankruptcy alleged in creditor's petition, and demanded a trial by jury, which was allowed. There was a trial, and the jury rendered a verdict that the facts set forth in the petition were not true. It then became the duty of the court, under the forty-first section of the act, to dismiss the proceedings, and the respondents were entitled to recover costs. They filed their bill, to which the creditors except.

First. That the subpoena having been served by the party, and not by the marshal, the fees for service and mileage are not recoverable. It is true that the marshal is the executive officer of the court, and may be directed by the court to serve it; but the mandate of the writ is not to him, but to the witness, who is commanded to appear and testify. As there is no legislation of congress directing the service of a subpoena by the marshal, we do not feel disposed to depart from the practice of the state courts, which has always permitted the party to serve the precept, and allowed him costs for the same. The 28th section of the act of 24th of September, 1789 [1 Stat. 87], requires the marshal "to execute throughout the district all lawful precepts directed to him, and issued under the authority of the United States." But the subpoena is not directed to him, but to the witness, and the marshal might legitimately refuse to serve it, unless commanded so to do by an order of the court. The party is interested in the production of the witness, and we can see no reason why, if he serves the writ, he should not be paid for it. It is further objected that the distance charged for mileage was not actually traveled, but as there are no proofs to sustain this allegation, it is dismissed. The first exception is overruled.

Second. The second exception raises the question whether the docket fee of twenty dollars allowed to the attorney of the successful party, in the courts of the United States, is properly taxable in bankruptcy, and, so far as this court is advised, it is a question of the first impression. It is clear that in cases of voluntary bankruptcy it is not allowable; but we are of opinion that in those of involuntary bankruptcy, where there is a trial by jury, that it is taxable, as also in those voluntary cases, where, under the thirty-first section of the act, the court is authorized to direct a trial upon specifications of objections to the bankrupt's discharge. By the act of the 26th of February, 1853 [10 Stat. 161], it is provided that "in lieu of the compensation now allowed by law to attorneys, solicitors and proctors in the United States courts," the following and no other compensa-

sation shall be taxed and allowed: In a trial before a jury in a civil and criminal cause, or before a referee, or on a final hearing in equity or admiralty, a docket fee of twenty dollars. In cases at law, where a judgment is entered without a jury, ten dollars, and five dollars where a cause is discontinued. These are all in cases of adversary proceedings, and the distinction is drawn between a trial, and judgment without a trial. The word "trial" here, as illustrated by Mr. Justice Story, in U. S. v. Curtis [Case No. 14,905], means a trial by jury. The pleadings may be filed, the issue made up, but until the jury is sworn, there is no trial. In the case before us there was an issue, the jury were sworn, there was a trial, and a verdict against the creditors. Besides, general orders in bankruptcy, thirty-one, "costs in contested adjudications," provides that "in cases of involuntary bankruptcy, where the debtor resists an adjudication, and the court, after hearing, shall adjudge the debtor a bankrupt, the petitioning creditor shall recover, to be paid out of the fund, the same costs that are allowed by law to a party recovering in a suit in equity; and in case the petition is dismissed (as in this case) the debtor may recover like costs from the petitioner." The second exception is, therefore, also overruled, and the clerk is directed to tax a docket fee of twenty dollars to the attorney for the respondents.