PECK et al. v. RICHTER.

(Circuit Court of Appeals, Eighth Circuit. September 10, 1914.)

No. 141.

1. BANKRUPTCY (§ 342½*)—REVIEW OF DECISION OF REFEREE—ESTOPPEL.
   Where a bankrupt filed three separate claims against his trustee for services rendered to the estate, two of which were disallowed and the third allowed in part, his acceptance of such allowance did not estop him from the right to review the referee's decision as to the other claims.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 530; Dec. Dig. § 342½.*]

2. BANKRUPTCY (§ 482*) — ATTORNEY'S DOCKET FEE — "REFEREE" — "FINAL HEARING IN EQUITY."
   A referee in bankruptcy, first provided for by Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (Comp. St. 1913, §§ 9585–9656), is not a "referee," within the meaning of Rev. St. § 824 (Comp. St. 1913, § 1378), which provides for the taxation of an attorney's or solicitor's fee of $20 "on a trial before a jury in civil or criminal causes or before referees, or on a final hearing in equity or admiralty"; nor is a review by the District Court of an order of a referee allowing or disallowing a claim or an administration charge against a trustee a "final hearing in equity," within such provision, and in no event can more than one such docket fee be taxed in any one bankruptcy proceeding.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. § 482.*

   For other definitions, see Words and Phrases, First and Second Series, Referee.]

Petition to Revise Orders of the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

In the matter of Joseph C. Richter, bankrupt. Petition by Miles E. Peck, trustee, and the Clark Implement Company, to revise orders of the District Court in favor of the bankrupt. Reversed in part.

L. E. Waggoner and Joe Kirby, both of Sioux Falls, S. D., for petitioners.

Robert F. Riemer, of Sioux Falls, S. D., for respondent.

Before SANBORN and SMITH, Circuit Judges, and TRIEBER, District Judge.

SMITH, Circuit Judge. The respondent, Joseph C. Richter, was adjudged a voluntary bankrupt August 1, 1913, and the petitioner, Miles E. Peck, was on August 18, 1913, chosen and qualified as trustee of the bankrupt estate. The bankrupt filed three separate and distinct claims against the estate.

(1) The first of these claims was for cutting and shocking 27 acres of wheat and 107 acres of oats belonging to the bankrupt estate after the petition in bankruptcy was filed, about August 1, 1913, and before the qualification of the trustee, which was about August 18, 1913.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

(2) The second claim was for stacking the same wheat and oats and furnishing board for the men, after the trustee was appointed and at his request.

(3) The third claim was for taking care of the horses, cattle, and hogs belonging to the bankrupt estate after the filing of the petition but both before and after the appointment of the trustee.

The referee allowed only $15 on the first claim for binder twine and rejected the balance of that claim and all of the second and third claims. The bankrupt applied for review by the judge under section 38 of the Bankruptcy Act and General Orders No. 27 (89 Fed. xi, 32 C. C. A. xxvii). The trustee sought to have the proceedings for review dismissed because he had paid and the bankrupt had accepted the $15 allowed him; but this application was denied, and the trustee seeks in this proceeding to revise that action of the court. These claims were all for expenses of administering the estate under section 62 of the Bankruptcy Act, and were not for debts which may be proved under section 63 of the Bankruptcy Act. In other words, the claims were all in the nature of costs, and not in the nature of debts.

[1] It is the contention of the petitioners that the bankrupt, having taken the $15 awarded him by the referee, should now be held to have waived the right of review and be estopped to contend that the adjudication of the claims should be set aside. His position will be conceded as a general proposition. That is, it will be conceded that the rule is well established that a party who claims the benefit of an order or judgment in a case, or accepts the benefits or receives the advantages thereof, shall be afterwards precluded from asking that the order or judgment be revised or set aside. This is a general rule and is well established, but it is subject to several exceptions. It will be sufficient to point out one of these:

"When Judgment Settles Distinct Controversies. When a judgment or decree settles two or more distinct controversies, the acceptance of a sum of money, to which appellant is declared to be entitled by one portion of the judgment or decree, does not estop him from appealing from another and independent adjudication therein." 2 Cyc. 654.

This is fully sustained by decisions of this court (Darragh v. H. Wetter Manufg. Co., 78 Fed. 7, 23 C. C. A. 609; In re Letson, 157 Fed. 78, 84 C. C. A. 582); and by the Supreme Court (Gilfillan v. McKee, 159 U. S. 303, 16 Sup. Ct. 6, 40 L. Ed. 161; Embry v. Palmer, 107 U. S. 3, 2 Sup. Ct. 25, 27 L. Ed. 346); and by the Circuit Court of Appeals of the Seventh Circuit (Worthington v. Beeman, 91 Fed. 232, 33 C. C. A. 475); and by numerous state courts (Tyler v. Shea, 4 N. D. 377, 61 N. W. 468, 50 Am. St. Rep. 660; Wishek v. Hammond, 10 N. D. 72, 84 N. W. 587; Goodlett v. Investment Co., 94 Cal. 297, 29 Pac. 505; Fiedler v. Howard, 99 Wis. 388, 75 N. W. 163, 67 Am. St. Rep. 865). In Byram v. Polk County, 76 Iowa, 75, 40 N. W. 102, it was held by the Supreme Court of Iowa that acceptance by an officer of a specific item of his account for fees awarded him by the district court is not a waiver of his right of appeal as to other items.

The additional allowance was made on the second and third claims

217 F.—56

filed by the bankrupt, and no more was allowed him under the first claim than the $15 for binding twine. If an additional amount had been allowed under the first claim, a somewhat close question would be presented; but we have no doubt that the bankrupt still retained the right to a revision of the refusal of the referee to allow him anything on his second and third claims, and the application to revise the action of the District Court in this regard must be denied.

[2] The application for review was determined by the District Court on December 4, 1913. The decision was as follows:

"1. That the bankrupt be allowed a reasonable compensation for all services rendered or caused to be rendered for the trustee herein after his appointment for stacking the said grain herein mentioned, and for taking care or having taken care of the said live stock belonging to the bankrupt estate from the time of the appointment of the trustee to the 17th day of October, A. D. 1913, inclusive, for the reason that the bankrupt after the appointment of the trustee does not owe the creditors the duty to take care of the bankrupt estate for the trustee without compensation, and said services were performed at the request of the trustee.

"2. That this matter be referred back to the said Hon. Henry A. Miller, referee in bankruptcy, in the above-entitled matter, for the purpose of taking proof or evidence as to the reasonable value of the services rendered by the bankrupt or caused to be rendered as aforesaid.

"3. That the bankrupt recover his costs and disbursements herein out of the estate of the said bankrupt."

Presumptively under the last clause the clerk taxed an attorney's docket fee of $20 in favor of the bankrupt's attorney. The trustee excepted to this taxation, and on December 18, 1913, filed a motion to retax costs and that this item be not allowed. On December 31, 1913, the court made the following order:

"1. That the order made and filed in the above-entitled matter by the judge of this court on the 4th day of December, A. D. 1913, on a referee's certificate to review, be modified to the extent that the bankrupt, Joseph C. Richter, be allowed an attorney's docket fee of $20, and it is so ordered.

"2. That the costs as taxed by the clerk on the 8th day of December, 1913, the same consisting of the following items: Docket fee, $20; two affidavits, 50 cents; and clerk's fees, $5.95—or a total of $26.45, be the judgment of this court, together with subsequent clerk's fees incurred in said matter, and amounting to $1.55."

The action of the court is sought to be revised in this respect. It is provided by statute:

"Fees of Attorneys, Solicitors, and Proctors. Sec. 824. On a trial before a jury, in civil or criminal causes or before referees, or on a final hearing in equity or admiralty, a docket fee of twenty dollars."

The first question is: Was there a referee in this case within the meaning of this statute? And the second is: Was there a final hearing in equity?

This statute was first enacted in 1853. Act Feb. 26, 1853, c. 80, 10 Stat. 161. There was then no referee provided for by federal statute, and the referees referred to here manifestly were common-law referees. There was at that time no bankruptcy law in existence. The act of 1841 had been repealed on March 3, 1843. 5 Stat. 614, c. 82.

But even the act of 1841 did not provide for any referees but did provide for commissioners. The Bankruptcy Act of 1867 made no reference to referees, but provided for registers. The act of 1898, first created the office of referee in bankruptcy.

If this new officer is a referee, within the meaning of section 824, Revised Statutes, the expenses of bankruptcy proceedings are to be vastly increased by the taxation of $20 on every claim heard by him. Such was not the contemplation of the bankruptcy law, and the court apparently recognized this, for it ordered the taxation of this fee as a part of its order of December 4, 1913. We conclude that a referee in bankruptcy appointed under the act passed in 1898 is not a referee, within the meaning of section 824 of the Revised Statutes, first enacted in 1853.

Was the hearing by the court a final hearing in equity? There was but one bankruptcy proceeding pending, and if this was a final hearing, then there might be innumerable final hearings in the one proceeding, and innumerable taxations of $20. There was nothing pending but the bankruptcy proceeding, and it has been held that where the proceeding is voluntary there can be no such fee taxed at all, but when the proceeding is involuntary such a fee may be taxed in the bankruptcy proceeding. Note to Coy v. Perkins (C. C.) 13 Fed. 111, 115; Gorden v. Scott, 10 Fed. Cas. 816; In re Mead, 16 Fed. Cas. 1274. In any event there could only be one final hearing in the bankruptcy case, and the taxation of such a fee upon the determination of each claim and administrative charge would mean ruin to many bankrupt estates. It is our duty to so interpret this statute as to preclude such a result. Central Trust Co. v. Wabash, St. Louis & Pac. Ry. Co. (C. C.) 32 Fed. 684.

The action of the District Court in allowing this fee is set aside, and it is ordered to disallow the item of $20 docket fee as a part of the cost of this proceeding. Owing to the fact that upon the principal matter here presented the action of the District Court is sustained, there will be no judgment for costs.