## STRUB v. GAMBLE.

(Circuit Court of Appeals, Eighth Circuit. March 10, 1915.)

No. 149.

BANKRUPTCY ☞143—PROPERTY PASSING TO TRUSTEE—STOCK OF LIQUORS.

Under Bankr. Act July 1, 1898, c. 541, § 70a (5), 30 Stat. 565 (Comp. St. 1913, § 9654), vesting in the trustee all property of the bankrupt which, prior to the filing of the petition, he could by any means have transferred or which might have been levied upon and sold under judicial process against him, upon the bankruptcy of a licensed retail liquor dealer, his stock of liquors passed to the trustee, notwithstanding the claim that the trustee, under the law of the state, could not sell or dispose thereof; it being lawful for one duly licensed to sell such liquors at retail, especially where the bankrupt, by agreement with the trustee, had sold such liquors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 201, 202, 213-217, 223, 224; Dec. Dig. ☞143.]

Petition to Revise Order of the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

In the matter of Daniel E. Strub, bankrupt, of whose estate Hugh S. Gamble is trustee. On petition by the bankrupt to revise an order sustaining the trustee's claim to certain property. Petition denied, except as to an attorney fee, which is disallowed.

Joe Kirby, of Sioux Falls, S. D., for petitioner.

C. O. Bailey, J. H. Voorhees, P. G. Honegger, and T. M. Bailey, all of Sioux Falls, S. D., for respondent.

Before SANBORN and CARLAND, Circuit Judges, and AMIDON, District Judge.

CARLAND, Circuit Judge. This is a petition by Strub to revise in matter of law a judgment of the United States District Court for South Dakota, made and entered August 7, 1914. The facts appear-

---

ing in the record upon which the question of law arises are as follows:

Strub was adjudicated a bankrupt on an involuntary petition June 5, 1913. On that date he was engaged in the sale of intoxicating liquors at retail in Sioux Falls, S. D., and was duly licensed so to do until July 1st following. Under section 346, C. C. P. S. D., he was entitled to a personal property exemption of $750 from any money or personal property he possessed. Strub claimed that his stock of intoxicating liquor did not pass to the trustee, as under the law of South Dakota the trustee could not sell or dispose of the same. The trustee not agreeing to this view, it was agreed that Strub should continue to operate his place of business under his license, and that, if it should be finally determined that the liquor was property, the money which Strub should receive from a sale thereof should be charged against his exemptions; otherwise, not. The amount realized from the sale of the liquor by Strub was $567.41. The trustee, insisting that the liquor was property which passed to him, charged the amount thus realized from a sale thereof against Strub's exemptions.

Without detailing all the proceedings had below, it is sufficient to say that the District Court sustained the claim of the trustee. It was lawful on the date of the adjudication, and subsequent and prior thereto, for one duly licensed by the city and county commissioners to sell intoxicating liquors at retail in Sioux Falls. The question presented for decision is: Was the stock of liquors property which passed to the trustee on the adjudication in bankruptcy under section 70a (5) of the Bankruptcy Act? By what principle of law Strub can be heard to say that the liquor he sold for $567.41 was not property is not at all clear. Section 70 of the Bankruptcy Act provides as follows:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him."

In the face of the fact that Strub did transfer the intoxicating liquors for $567.41, how can it be said that the title did not pass under section 70a? Page v. Edmunds, 187 U. S. 596, 23 Sup. Ct. 200, 47 L. Ed. 318. In our opinion, the title to the intoxicating liquor did pass to the trustee, and the question whether he could sell it or not has become academic.

The petition to revise is denied, except as to the attorney fee of $20, which we disallow, following Peck et al., Petitioners, v. Richter, Respondent (decided by this court) 217 Fed. 880, 133 C. C. A. 590.