UNITED STATES to Use of MILLER et al. v. MITCHELL et al.

(District Court, E. D. New York. March 29, 1915.)

COURTS ⬤—344—UNITED STATES COURTS—ADOPTION OF PRACTICE OF STATE COURTS—SERVICE OF PROCESS.

Rev. St. § 914 (Comp. St. 1913, § 1537), provides that the practice, pleadings, and forms and modes of proceeding in civil causes other than equity and admiralty causes in the Circuit and District Courts shall conform as near as may be to the practice, etc., in the courts of record of the state within which such Circuit or District Courts are held. Section 787 (section 1311) provides that it shall be the duty of the marshal to attend the District and Circuit Courts and to execute all lawful precepts

⬤—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

directed to him and issued under the authority of the United States. Code Civ. Proc. N. Y. § 425, provides that the summons may be served by any person other than a party to the action. *Held*, that the summons in an action at law in a federal court sitting in New York need not be served by the marshal, since the Uniformity Act applies to the service of process, and while, if the marshal is commanded by a writ to serve it, no other person may perform that duty, no federal statute requires that all process shall be directed to the marshal, and section 787 applies only to process "directed to him."

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. ☞344.]

· At Law. Action by the United States, to the use of Frank Miller and others, creditors of Edmund H. Mitchell and another, doing business as Mitchell & Co., against Edmund H. Mitchell and Henry T. Mitchell, doing business as Mitchell & Co., and another.· On motion to vacate decree. Motion denied.

See, also, 215 Fed. 263.

King & Booth, of New York City, for use plaintiff Miller.

George R. Coughlan, of New York City, for use plaintiff E. S. Packard Co.

George W. Bristol, of New York City, for use plaintiffs J. Martin Briggs, Augustus Benvenutti, and Arthur M. Hazell.

Arthur Furber, of New York City, for defendant E. H. Mitchell.

Nelson L. Keach, of New York City, for defendant Illinois Surety Co.

VEEDER, District Judge (after deciding other issues). The validity of the service of the summons is challenged, the contention being that in the United States court service can legally be made by the marshal alone. This is undoubtedly true in equity causes by virtue of equity rule 15 (198 Fed. xxiii, 115 C. C. A. xxiii). But the summons in issue was served in an action at law, with respect to which Rev. St. § 914 (Comp. St. 1913, § 1537), provides:

"The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such Circuit or District Courts are held."

There can be no doubt that service of process is within the categories · of the foregoing act. Amy v. Watertown, 130 U. S. 301, 9 Sup. Ct. 530, 32 L. Ed. 946; Perkins v. Watertown, 5 Biss. 320, Fed. Cas. No. 10,991. Unless, therefore, Congress has by statute prescribed a specific course of procedure for the federal courts, or has legislated generally upon the subject-matter embraced in the proceeding sought to be pursued, the state practice prevails. Federal legislation must, of course, be followed, although opposed to the practice and procedure of the state courts. With respect to the form of process, Rev. St. § 911 (Comp. St. 1913, § 1534), provides:

"All writs and processes issuing from the courts of the United States shall be under the seal of the· court from which they issue, and shall be signed by the clerk thereof. Those issuing from the Supreme Court or a Circuit

Court shall bear teste of the Chief Justice of the United States, or, when that office is vacant, of the Associate Justice next in precedence, and those issuing from a District Court shall bear teste of the judge, or, when that office is vacant, of the clerk thereof."

Accordingly it has been held that an action may not be commenced in the federal courts by a summons issued in the name of the plaintiff's attorney, pursuant to the mode of commencing actions in the courts of the state of New York. Martin v. Criscuola, 10 Blatchf. 211, Fed. Cas. No. 9,159; Peaslee v. Haberstro, 15 Blatchf. 472, Fed. Cas. No. 10,884; Dwight v. Merritt (C. C.) 4 Fed. 614. Concerning the method of service Rev. St. § 787 (Comp. St. 1913, § 1311), provides:

"It shall be the duty of the marshal of each district to attend the District and Circuit Courts when sitting therein, and to execute, throughout the district, all lawful precepts directed to him, and issued under the authority of the United States; and he shall have power to command all necessary assistance."

Accordingly, the marshal or his deputy must serve process directed to him. If the marshal is commanded by the writ to serve it, no other person may perform that duty, although the state law may authorize such service by a private person. Schwabacker v. Reilly, 2 Dill. 127, Fed. Cas. No. 12,501. That case arose in the Eastern district of Missouri, and Judge Dillon states in his opinion that in Missouri the original writ is a summons directed to the officer who is to execute it.

But no federal statute requires that all process shall be directed to the marshal. The statute merely requires him to execute "all lawful process directed to him." Beyond this the Uniformity Act applies, and the state practice controls. Gordon v. Scott, Fed. Cas. No. 5,620, 2 N. B. R. 86 (quarto, 28). In that case Judge McCandless, sitting in the Western district of Pennsylvania, said:

"It is true that the marshal is the executive officer of the court, and may be directed by the court to serve it; but the mandate of the writ is not to him, but to the witness, who is commanded to appear and testify. As there is no legislation of Congress directing a service of a subpoena by the marshal, we do not feel disposed to depart from the practice of the state courts, which has always permitted the party to serve the precept, and allowed him costs for the same."

The summons in issue here, and the form regularly in use in this court, complies in the same way with the state practice. It is directed to the defendants named, in the form prescribed by section 418 of the Code of Civil Procedure. And section 425 of the Code provides:

"The summons may be served by any person, other than a party to the action, except where it is otherwise specially prescribed by law."

The motion by the defendant Edmund H. Mitchell to vacate the decree herein is therefore denied.