## UNITED STATES v. GOODRICH.

### (Circuit Court of Appeals, Eighth Circuit. February 6, 1893.)

### No. 176.

**APPEAL—ASSIGNMENTS OF ERROR—TIME OF FILING.**

In pursuance of rule 11 of the United States circuit court of appeals for the eighth circuit, requiring an assignment of errors to be filed with the petition for the writ of error or appeal, and declaring that errors not assigned according to this rule will be disregarded, the court will not consider errors the assignment of which is not made and filed in the court below until after the appeal or writ of error is allowed.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

Suit by Ralph L. Goodrich, clerk of the United States circuit and district court for the western division of the eastern district of Arkansas, against the United States for fees. The circuit court entered a judgment for plaintiff. 47 Fed. Rep. 267. Defendant appeals. Affirmed.

Charles C. Waters, U. S. Atty.

U. M. Rose and G. B. Rose, for appellee.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SANBORN, Circuit Judge. This is an appeal from a judgment against the United States for fees due to the clerk of the circuit court for the eastern district of Arkansas, rendered under the provisions of the act of March 3, 1887, (24 St. c. 359.) The judgment appealed from was entered on October 5, 1891, and on the same day an appeal to this court was prayed for and granted. No assignment of errors was filed until June 30, 1892. By the act of March 3, 1891, (26 St. pp. 826, 829,) no appeal by which this judgment could be reviewed in this court could be taken, except within six months after the entry of this judgment. The eleventh rule of this court which was adopted on June 17, 1891, reads as follows:

"The plaintiff in error or appellant shall file with the clerk of the court below, with his petition for the writ of error or appeal, an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged. No writ of error or appeal shall be allowed until such assignment of errors shall have been filed. When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected. When the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused. Such assignment of errors shall form part of the transcript of the record, and be printed with it. When this is not done, coun-

sel will not be heard, except at the request of the court; and errors not assigned according to this rule will be disregarded, but the court, at its option, may notice a plain error not assigned."

As the appellant did not file any assignment of errors when it prayed for its appeal, nor until long after the six months allowed for perfecting the appeal had expired, the errors assigned in this case must be disregarded under the rule. In view of the fact that this is the first case in which we have had occasion to enforce this rule, we have carefully examined this record, and are satisfied that no substantial error was committed by the court below, and that no injustice will be done by the application of the rule to this case, while the announcement that it will be enforced may promote its observance, and thus prevent injustice from its enforcement in the future. The result is that this court will not consider errors the assignment of which is not made and filed in the court below when the appeal or writ of error is allowed. The judgment below is affirmed.