### MUTUAL LIFE INS. CO. OF NEW YORK v. CONOLEY.

(Circuit Court of Appeals, Fourth Circuit. October 2, 1894.)

#### No. 81.

1. APPEAL—ASSIGNMENTS OF ERROR—TIME OF FILING—EXTENSION OF TIME.
    Assignments of error not filed in the trial court by plaintiff in error or appellant at the time he files his petition for writ of error or appeal, as required by rule 11 of the circuit court of appeals, will not be considered on appeal, though the trial court, at the time such petition is filed and the writ or appeal is allowed, grants additional time for filing assignments of error, and they are filed within the time granted.

2. SAME—REVIEW.
    Questions of law depending on facts which have not been certified in a bill of exceptions will not be disposed of in this court.

Error to the Circuit Court of the United States for the Eastern District of North Carolina.

This was an action by Margaret E. Conoley against the Mutual Life Insurance Company of New York on a life insurance policy. There was a verdict and judgment in favor of plaintiff, and defendant brings error. Affirmed.

Walter H. Neal, for plaintiff in error.
D. L. Russell, for defendant in error.

Before GOFF and SIMONTON, Circuit Judges, and HUGHES, District Judge.

GOFF, Circuit Judge.　This action was instituted by Margaret E. Conoley against the Mutual Life Insurance Company of New York to recover the sum of $5,000 on an insurance policy issued by said company on the life of Simeon Conoley, payable to the plaintiff. The case was tried to a jury, and, on the verdict rendered, the court, on the 9th day of January, 1894, entered judgment in favor of the plaintiff for $5,383.33, with interest and costs.　This case was an action on the law side of the court, and the judgment so rendered could only be reviewed by writ of error allowed on petition filed with assignment of errors accompanying the same, tendered before the granting of the writ.　U. S. v. Goodrich, 4 C. C. A. 160, 54 Fed. 21; U. S. v. Fletcher, 8 C. C. A. 453, 60 Fed. 53.

Rule 11 of this court provides that:

"The plaintiff in error or appellant shall file with the clerk of the court below, with his petition for the writ of error or appeal, an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged.　No writ of error or appeal shall be allowed until such assignment of errors shall have been filed."　1 C. C. A. xiv., 47 Fed. vi.

In this case the court below, on the petition of the defendant below, filed January 24, 1894, praying an appeal, granted the same on that day, and, in the order so granting it, allowed said defendant 30 days in which to file assignments of error.　The assignments were filed February 21, 1894, 43 days after the judgment was rendered, and 28 days after the order had been entered allowing an appeal.　It is plain that this court cannot consider the errors so assigned if it regards and is governed by its rule as cited.　We have had occasion several times heretofore to request attention to the rules applicable to the questions now under consideration, and to the necessity for a strict adherence to the mode of procedure designated by them.　We now do so once more, indulging the hope that no occasion will arise in the future requiring us to refer to them again in this connection.　Van Gunden v. Iron Co., 8 U. S. App. 229, 3 C. C. A. 294, and 52 Fed. 840; Improvement Co. v. Frari, 7 C. C. A. 149, 58 Fed. 171.

The record discloses the fact that the defendant below did not except to the action of the court in entering the judgment complained of, and did not tender a bill of exceptions, and have it signed and made part of the record as required by the law and the rules of practice.　The defendant below contends here that the court below erred in entering said judgment, because the questions of law arising on the findings of the jury and the construction of the policy of insurance were with the defendant.　But the plaintiff below now insists it was shown by the testimony which, under the circumstances of this case, it was proper to consider in construing the application for and policy of insurance, that there was no error in the judgment of the court.　In the absence of a bill of exceptions certifying the evidence applicable to the same, it is impossible for this court to pass on the questions presented by several of the assignments of error, even if the latter could be considered.　We feel compelled to enforce the provisions of the rules and the requirements of the practice alluded to, and to again an-

nounce that this court, in order to secure uniformity in the proceedings of the circuit and district courts, as well as in its own, will hereafter insist upon a strict compliance with the same; and we do this in the present case the more readily for the reason that its record shows that no substantial error was committed by the court below, and that, consequently, no injustice will in fact be done to the parties thereby, while much good may result therefrom, we hope.    The judgment below is affirmed.