## LLOYD v. CHAPMAN.

### (Circuit Court of Appeals, Ninth Circuit. February 27, 1899.)

### No. 467.

APPEAL AND ERROR—ASSIGNMENT OF ERRORS.
> Under rule 11 of the circuit courts of appeal (31 C. C. A. cxlvi., 90 Fed. cxlvi.), on appeal from a decision of the district court in bankruptcy, the judgment will be affirmed when the record contains no assignment of errors except a document, filed in the court below three months after the judgment, purporting to be a "specification and assignment of errors," but which formed no part of the grounds on which the court acted in allowing the appeal, and was never under its consideration.

Appeal from the District Court of the United States for the Northern District of California.

This was a petition in the district court, sitting as a court of bankruptcy, by John Lloyd, as assignee in bankruptcy of James Linforth, John Bensley, and L. B. Benchley, co-partners under the firm name of Linforth, Kellogg & Co., against E. W. Chapman, a creditor of the bankrupts, to have the claim of such creditor expunged. From an order denying the petition, the assignee appeals.

Pierson & Mitchell, for appellant.

T. M. Osmont, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. This is an appeal from an order made by the district court for the Northern district of California on the 14th day of May, 1898, denying the petition of the assignee of the estate of John Bensley, a bankrupt, for the expunging from the files of the estate the claim of one E. W. Chapman. 87 Fed. 386. On the part of the appellee it is contended, among other things, that the appeal should be dismissed, or the decree affirmed, for the reason that the only assignment of errors embodied in the record presented to the court and relied upon in the brief of the appellant is a so-called "Second Amended Specification and Assignment of Errors," filed in the

court below August 18, 1898. This document constituted no part of the grounds upon which the court below acted in allowing the appeal in question, and was never under the consideration of that court. Rule 11 of the circuit courts of appeal (31 C. C. A. cxlvi., 90 Fed. cxlvi.) declares, in plain terms, that the plaintiff in error or appellant shall file with the clerk of the court below, with his petition for the writ of error or appeal, an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged, and that no writ of error or appeal shall be allowed until such assignment of errors shall have been filed. The rule further declares that such assignment of errors shall form part of the transcript of the record, and be printed with it, and that, when this is not done, counsel will not be heard, except at the request of the court, and that errors not assigned according to this rule will be disregarded; reserving, however, to the court the right, at its option, to notice a plain error not assigned. The filing of an assignment of errors is thus made an essential condition to the granting of a writ of error or the allowance of an appeal, and its purpose has been many times stated by the courts. In Doe v. Mining Co., 17 C. C. A. 196, 70 Fed. 456, this court said its purpose is "to apprise the opposite counsel and the court of the particular legal points relied upon for a reversal of the judgment of the trial court"; and, further, that "the attempt to make the assignment of errors more particular in a brief is not proper." "It is in fact," said the court, "an attempt to amend the record in this particular without the permission of court." In McFarlane v. Golling, 22 C. C. A. 23, 24, 76 Fed. 24, the circuit court of appeals for the Seventh circuit said:

"The requirement of rule 11 (11 C. C. A. cii., 47 Fed. vi.), that the assignment of errors shall be filed 'with the clerk of the court below, with the petition for the writ of error or appeal,' was designed to bring into the record at that time a separate and particular statement 'of each error asserted and intended to be urged'; and to a large extent the rule is a nullity if, under general and indefinite specifications like those quoted, the appellant may be able afterwards to bring forward objections to the decree or judgment, which, when error was assigned, had not been thought of."

In Dufour v. Lang, 4 C. C. A. 663, 54 Fed. 913, the court said:

"The purpose of the rule is two-fold,—to advise the adversary as to what he is to defend, and to aid the appellate court in reviewing the case."

In the case last cited the court showed that rule 11 of the circuit courts of appeal is based on the provisions of sections 997 and 1012 of the Revised Statutes, the first of which declares "there shall be annexed to and returned with any writ of error for the removal of a cause, at the day and place therein mentioned, an authenticated transcript of the record, an assignment of errors, and a prayer for reversal, with a citation to the adverse party"; and the second of which provides that "appeals from the circuit courts and district courts acting as circuit courts, and from district courts in prize causes, shall be subject to the same rules, regulations, and restrictions as are or may be prescribed in law in cases of writs of error."

The assignment of errors, being, as thus seen, essential to the allowance of an appeal or the granting of a writ of error, becomes an im-

portant part of the record, and is one of the things upon which the trial court acts in granting the writ or allowing the appeal. It is plain, therefore, that such assignment constitutes an essential part of the record to be presented to this court, and that it cannot be superseded by a subsequent assignment of errors,—certainly not by one filed without leave of the court. In U. S. v. Goodrich, 4 C. C. A. 160, 54 Fed. 21, the circuit court of appeals for the Eighth circuit held that it "will not consider errors the assignment of which is not made and filed in the court below when the appeal or writ of error is allowed." In Insurance Co. v. Conoley, 11 C. C. A. 116, 117, 63 Fed. 180, the circuit court of appeals for the Fourth circuit held that it would not consider an assignment of errors not filed in the trial court by the plaintiff in error at the time he filed his petition for the writ, though the trial court, at the time such petition was filed and the writ of error was allowed, granted additional time for filing assignments of error, and notwithstanding they were filed within the time granted. See, also, Flahrity v. Railway Co., 6 C. C. A. 167, 56 Fed. 908; Crabtree v. McCurtain, 10 C. C. A. 86, 61 Fed. 808; Grape Creek Coal Co. v. Farmers' Loan & Trust Co., 12 C. C. A. 350, 63 Fed. 891; Van Gunden v. Iron Co., 3 C. C. A. 294, 52 Fed. 838; Railway Co. v. Reeder, 22 C. C. A. 314, 76 Fed. 550; City of Lincoln v. Sun Vapor Street-Light Co. of Canton, 8 C. C. A. 253, 59 Fed. 759; Deitsch v. Wiggins, 15 Wall. 539.

Upon the ground that the record does not contain, and the brief of the appellant does not rely upon, any assignment of errors filed in the court below at the time of the allowance of the appeal, the judgment is affirmed.