FRAME v. PORTLAND GOLD MIN. CO.

(Circuit Court of Appeals, Eighth Circuit. April 13, 1901.)

No. 1,491.

ASSIGNMENT OF ERRORS—FILING BEFORE ISSUE OF WRIT INDISPENSABLE.

The filing of an assignment of errors before the issue of a writ of error is indispensable, under the eleventh rule of the circuit courts of appeals (32 C. C. A. cxlvi.), and the writ will be dismissed if the assignment is not filed before it issues.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Colorado.

This was an action by Mary Frame, the plaintiff in error, against the Portland Gold Mining Company, the defendant in error, for negligence. Judgment was rendered for the defendant upon a demurrer to the complaint, and a writ of error sued out to reverse this judgment.

Paul Reiss (A. L. Doud and A. J. Fowler, on the brief), for plaintiff in error.

James L. Blair (James A. Seddon and Robert A. Holland, Jr., on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

A motion has been made to dismiss the writ of error in this case because the assignment of errors was not filed until after the writ was issued. Section 997 of the Revised Statutes makes an assignment of errors, a prayer for reversal, and a citation to the adverse party essential parts of the record upon which a review of the rulings of a trial court may be invoked in the appellate courts of the United States. Rule 11 of this court (32 C. C. A. cxlvi.) provides that "the plaintiff in error or appellant shall file with the clerk of the court below, with his petition for the writ of error or appeal, an assignment of errors which shall set out separately and particularly each error asserted and intended to be urged. No writ of error or appeal shall be allowed until such assignment of errors shall have been filed." This is a just and reasonable rule. It makes the filing of the assignment of errors before the writ is allowed indispensable to its issue,

to the end that the judge to whom application is made for its allowance may be informed what the alleged errors are upon which the petitioner relies, and may thus intelligently decide whether or not the prayer of his petition should be granted, and also to the end that the opposing counsel and the appellate court may be informed what questions of law are raised for consideration. In the early history of this court attention was sharply called to this rule, and the announcement was clearly made that it would be enforced, although in the early cases in which its enforcement was invoked we carefully examined the errors assigned in order that no injustice might result from the application of the rule. U. S. v. Goodrich, 4 C. C. A. 160, 54 Fed. 21, 22; Union Pac. R. Co. v. Colorado Eastern R. Co., 4 C. C. A. 161, 54 Fed. 22; City of Lincoln v. Sun Vapor Street-Light Co. of Canton, 8 C. C. A. 253, 59 Fed. 756, 759.

The writ of error in this case was filed on August 18, 1900, and no assignment of errors was presented with the petition, and none was filed until August 20, 1900, two days after the issue of the writ. An affidavit has been presented in explanation of the failure to present the assignment of errors before the writ was issued, but it presents no sufficient excuse for a failure to comply with the rule. The motion to dismiss the writ is granted. Flahrity v. Railroad Co., 6 C. C. A. 167, 56 Fed. 908; Crabtree v. McCurtain, 10 C. C. A. 86, 61 Fed. 808; Lloyd v. Chapman, 35 C. C. A. 474, 93 Fed. 599, 601; Insurance Co. v. Conoley, 11 C. C. A. 116, 63 Fed. 180; Great Creek Coal Co. v. Farmers' Loan & Trust Co., 63 Fed. 891; Van Gunden v. Iron Co., 3 C. C. A. 294, 52 Fed. 838; Railway Co. v. Reeder, 22 C. C. A. 314, 76 Fed. 550.