LOCKMAN v. LANG et al.

(Circuit Court of Appeals, Eighth Circuit. November 23, 1903.)

No. 1,923.

1. ASSIGNMENT OF ERRORS—FILING BEFORE APPEAL INDISPENSABLE.
    The filing of an assignment of errors before or at the time of the allowance of an appeal is indispensable under the eleventh rule of the Circuit Courts of Appeals (91 Fed. vi, 32 C. C. A. lxxxviii), and the appeal will be dismissed if the assignment is not thus filed.

---

¶ 1. Appeal and review in bankruptcy, see note to In re Eggert, 43 C. C. A. 9.

2. BANKRUPTCY—ORDERS AND DECREE IN, NOT REVIEWABLE BY WRIT OF ERROR.
    A proceeding in bankruptcy is a proceeding in equity, and orders and
    decrees therein cannot be reviewed by writs of error.
(Syllabus by the Court.)

Appeal from the District Court of the United States for the District of Colorado.

Lester McLean (W. Scott Bicksler and Edmon G. Bennett, on the brief), for appellant.

H. W. Currey (William L. Dayton, on the brief), for appellees.

Before SANBORN and VAN DEVANTER, Circuit Judges, and HOOK, District Judge.

SANBORN, Circuit Judge. This is an appeal from an adjudication in bankruptcy rendered on March 24, 1903. On the same day the bankrupt prayed an appeal and it was allowed, but he filed no assignment of errors until March 31, 1903. A motion is made to dismiss the appeal because the assignment of errors was not filed when the appeal was allowed. Section 997 of the Revised Statutes [U. S. Comp. St. 1901, p. 712] makes an assignment of errors, a prayer for reversal, and a citation to the adverse party essential parts of the record upon which a review of the rulings of a trial court may be invoked in the appellate courts of the United States. When an appeal is prayed and allowed in open court, the prayer for reversal and the citation may be waived, but the assignment of errors is indispensable to the perfection of the appeal. Rule 11 (91 Fed. vi, 32 C. C. A. lxxxviii) of this court provides that "the plaintiff in error or appellant shall file with the clerk of the court below, with his petition for the writ of error or appeal, an assignment of errors which shall set out separately and particularly each error asserted and intended to be urged. No writ of error or appeal shall be allowed until such assignment of errors shall have been filed." The reasons for this rule and the importance of a compliance with it have been stated in numerous opinions of this court. City of Lincoln v. Sun-Vapor Street Light Co., 8 C. C. A. 253, 256, 59 Fed. 756, 759; Union Pac. R. Co. v. Colorado Eastern R. Co., 4 C. C. A. 160, 54 Fed. 22; U. S. v. Goodrich, 4 C. C. A. 160, 161, 54 Fed. 21, 22. In Frame v. Portland Gold Min. Co., 47 C. C. A. 664, 665, 108 Fed. 750, 751, this court dismissed a writ of error because the assignment of errors was not filed until two days after the issue of the writ. In Webber v. Mihills (C. C. A.) 124 Fed. 64, we dismissed an appeal because the assignment of errors was not filed until seven days after the appeal was allowed. There are other authorities which illustrate the application of this rule: Flahrity v. Railroad Co., 6 C. C. A. 167, 56 Fed. 908; Crabtree v. McCurtain, 10 C. C. A. 86, 61 Fed. 808; Lloyd v. Chapman, 35 C. C. A. 474, 93 Fed. 599; Insurance Co. v. Conoley, 11 C. C. A. 116, 63 Fed. 180; Grape Creek Coal Co. v. Farmers' Loan & Trust Co., 12 C. C. A. 350, 63 Fed. 891; Van Gunden v. Iron Co., 3 C. C. A. 294, 52 Fed. 838; Railway Co. v. Reeder, 22 C. C. A. 314, 76 Fed. 550. The assignment of errors in this case was not filed until the seventh day after the appeal was allowed, and under

rule 11 and the uniform decisions of this court the appeal must be dismissed.

On March 31, 1903, seven days after the adjudication in bankruptcy, the bankrupt filed a petition for a writ of error, an assignment of errors, and a bond for the purpose of reviewing the decree in bankruptcy, and the judge of the district court approved the bond, allowed the writ, and issued a citation. But a proceeding in bankruptcy is a proceeding in equity, and cannot be reviewed by a writ of error. In re Rochford (C. C. A.) 124 Fed. 182, 187; Swarts v. Siegel, 117 Fed. 13, 16, 54 C. C. A. 399, 402; Highland Boy Gold Min. Co. v. Strickley, 54 C. C. A. 186, 189, 116 Fed. 852, 855; Hooven, Owens & Rentschler Co. v. John Featherstone's Sons, 49 C. C. A. 229, 234, 111 Fed. 81, 86.

The writ of error in this case is accordingly also dismissed.