HULTBERG v. ANDERSON et al.

SAME v. CHYTRAUS.

(Circuit Court of Appeals, Seventh Circuit. February 13, 1913.)

No. 1,970.

COURTS (§ 405*)—ASSIGNMENT OF ERRORS—CONSTRUCTION OF RULE.

The requirement of rule 11 of the Circuit Court of Appeals (150 Fed. xxvii, 79 C. C. A. xxvii) that no writ of error or appeal shall be allowed, unless an assignment of errors has been filed, is not jurisdictional, but is a rule of practice; and even though there is no assignment of errors in the transcript the appellate court may exercise its jurisdiction either by punishing the appellant by dismissal for noncompliance with the rule, or by hearing the controversy and deciding the merits as justice may seem to require in the particular case. The case will not be dismissed where but a single question is involved, which is apparent from the record, and an assignment of errors would have served no useful purpose.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099, 1101, 1103; Dec. Dig. § 405.*]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; Christian C. Kohlsaat, Judge.

Suit in equity by Nels O. Hultberg against Peter H. Anderson and others. From a decree for defendant Axel Chytraus, complainant appeals. On motion to dismiss appeal. Motion denied.

John Barton Payne, Silas H. Strawn, and Max H. Whitney, all of Chicago, Ill., David Ritchie, of Salina, Kan., and Harris F. Williams, of Chicago, Ill., for appellant.

John J. Healy and E. Allen Frost, both of Chicago, Ill., for appellee.

Before BAKER, Circuit Judge, and LANDIS, District Judge.

---

BAKER, Circuit Judge. Appellee presents his motion that the appeal be dismissed on the ground that this court lacks jurisdiction to entertain it by reason of appellant's failure to file with the clerk of the trial court an assignment of errors before the appeal was allowed.

Rule 11 of this court (150 Fed. xxvii, 79 C. C. A. xxvii) requires such a filing, and declares that "no writ of error or appeal shall be allowed until such assignment of errors shall have been filed." When this appeal was allowed in open court at the time the decree was announced, no assignment of errors had been filed. If strict compliance with the above-quoted portion of rule 11 is jurisdictional, the subsequent filing of the assignment of errors, with leave of the trial court and before the transcript of the record was prepared and filed in this court (all within the statutory time for taking the appeal), was without avail, and this court would have no lawful right to look into the record for any purpose.

In determining whether the aforesaid provision is jurisdictional or merely directory of practice, it should be read in pari materia with subsequent parts of the same rule. "Such assignment of errors shall form part of the transcript of the record and be printed therewith. When this is not done, counsel will not be heard, except at the request of the court, and errors not assigned according to this rule will be disregarded, but the court at its option may notice a plain error not assigned." Taking the rule as a whole, we are of the opinion that this court has jurisdiction of a cause wherein a transcript of the proceedings and judgment or decree has been duly filed in this court, whether an assignment of errors is in the transcript or not, and may exercise its jurisdiction either by punishing the appellant with a dismissal for noncompliance with the practice rule, or by hearing the controversy and deciding the merits. This result is confirmed by considering the purpose of having an assignment of errors in the record, namely, to advise the appellee of the contentions he has to meet, and to lessen the labor of the court in getting hold of the case. If, as is admitted in the present instance, but a single question is involved, and that question is apparent from a reading of the decree, an assignment that the appellant contends the question was erroneously decided by the trial court would neither enlarge the information of the appellee, nor assist the court in understanding the question. A construction of the rule which would make an idle formality an indispensable condition of being heard should not be adopted, if any other construction is reasonably possible.

In the Fifth Circuit the Court of Appeals has decided that compliance with the provisions of rule 11 respecting assignments of errors is not jurisdictional. Dufour v. Lang, 54 Fed. 913, 4 C. C. A. 663. Cases relied on by appellant do not seem to us to sustain the contention to the contrary.

In Mast v. Superior Drill Co. (Sixth Circuit) 154 Fed. 45, 83 C. C. A. 157, the assignment of errors did not comply with the requirements of rule 11, and was disregarded; that is, in legal effect there was no assignment of errors. Nevertheless the court proceeded to

examine the record to see whether substantial justice had been rendered in the trial court. If an assignment of errors is jurisdictional, the court in that case had no more right to determine the merits from an examination of the record than it would have to decide a street controversy from reading a newspaper account.

The same thing may be said of Mutual Life Ins. Co. v. Conoley' (Fourth Circuit) 63 Fed. 180, 11 C. C. A. 116, and United States v. Goodrich (Eighth Circuit) 54 Fed. 21, 4 C. C. A. 160, for in each case the judgment was affirmed on the ground that the record showed that no substantial error had been committed. In later cases the court in the Eighth Circuit has dismissed appeals and writs of error for noncompliance with rule 11. Frame v. Portland Gold Min. Co., 108 Fed. 750, 47 C. C. A. 664; Webber v. Mihills, 124 Fed. 64, 59 C. C. A. 578; Lockman v. Lang, 128 Fed. 279, 62 C. C. A. 550. And appellant counts strongly on an expression therein that "the assignment of errors is indispensable to the perfection of the appeal." But we take it that the court did not intend to deny the existence of a jurisdiction it had theretofore been exercising, but only meant that an assignment of errors was indispensable to inducing the court to use its power in favor of hearing parties, instead of punishing them for delinquencies of practice.

Rule 11 has its warrant in the act creating the Courts of Appeals, and the rule has the force of a statute. Sections 997 and 1012, Rev. St. (U. S. Comp. St. 1901, pp. 712, 716), also provide for assignments of errors and for other matters of procedure. These sections, as clearly as rule 11, seem to us to be directory of practice and not jurisdictional.

In the cases of In re Hill, 148 Fed. 833, 78 C. C. A. 522, Pooler v. Hyne (C. C. A.) 202 Fed. 194, and In re Quality Shop (C. C. A.) 202 Fed. 196, this court has held that matters of citation and of bond are not jurisdictional. Whether the matter be one of bond or of citation or of assignment of errors, we believe there should be no difficulty in protecting appellees and defendants in error in all their substantial rights without rewarding them or punishing their opponents for shortages of practice.

The motion to dismiss is overruled.