REED v. ANDERSON et al.

(Circuit Court of Appeals, Eighth Circuit. October 5, 1916.)

No. 4607.

APPEAL AND ERROR ☞744—PERFECTION OF APPEAL—FILING ASSIGNMENT OF ERROR.

Where an appeal was granted on August 17th, and the supersedeas bond approved and filed August 27th, but no assignment of error was filed until September 25th, the appeal will be dismissed for noncompliance with rule 11 of the Circuit Court of Appeals, Eighth Circuit (91 Fed. vi, 32 C. C. A. lxxxviii), declaring that plaintiff in error or appellant shall file with the clerk of the court below, with his petition for a writ of error or appeal, an assignment of errors; the assignment of errors not being filed with or before the supersedeas bond, so as to come in time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3043–3048; Dec. Dig. ☞744.]

Appeal from the District Court of the United States for the District of New Mexico; Wm. H. Pope, Judge.

Action between Mary A. Reed and Lucy M. Anderson and others. From a judgment for the latter, the former appeals. Appeal dismissed.

Homer S. Hurst, of Oklahoma City, Okl., E. P. Davies, of Santa Fé, N. M., and Victor A. Sniggs, of Oklahoma City, Okl., for appellant.

Reed Holloman, of Santa Fé, N. M., for appellees.

Before SANBORN, Circuit Judge, and TRIEBER and VAN VALKENBURGH, District Judges.

TRIEBER, District Judge. The appeal in this case was granted and filed in the office of the clerk of the District Court on August 17, 1915. The supersedeas bond was approved and filed August 27, 1915, but no assignment of errors was filed until September 25, 1915. On that day counsel for appellant filed a motion to have the assignment of errors filed nunc pro tunc as of August 17, 1915, the day the appeal was granted. A hearing was had on this motion, and by the court denied.

In view of the settled rule of this court the merits of this case are not before us. In Webber v. Mihills, 124 Fed. 64, 59 C. C. A. 578, this court held:

"Attention has been sharply called to this rule (Rule 11, C. C. A., Eighth Circuit [91 Fed. vi, 32 C. C. A. lxxxviii]) and the announcement has been plainly made that it would be enforced, although in the earlier cases the errors assigned were carefully examined, that no injustice might result from an unexpected application of the rule [citing cases]. But in the later cases the rule has been steadily and uniformly enforced [citing cases]. * * * The assignment of errors in this case was not filed until seven days after the allowance of the appeal, and the appeal must be dismissed under rule 11."

This rule has been steadily enforced by this court ever since. Lockman v. Lang, 128 Fed. 279, 62 C. C. A. 550; Simpson v. First National Bank, 129 Fed. 257, 68 C. C. A. 371. The same practice prevails in other circuits. Mutual Life Ins. Co. v. Conoley, 63 Fed. 180,

11 C. C. A..116 (Fourth Circuit); Mast & Co. v. Superior Drill Co., 154 Fed. 45, 83 C. C. A. 157 (Sixth Circuit).

Had the assignment of errors been filed on or before the filing of the supersedeas bond, it would have been sufficient. Simpson v. First National Bank, supra. But it was not filed until 29 days after the bond had been approved and filed.

The appeal must be dismissed; and it is so ordered.