## WILLAMETTE & COLUMBIA RIVER TOWING CO. v. HUTCHISON.

(Circuit Court of Appeals, Ninth Circuit.` November 13, 1916.)

### No. 2835.

COURTS ⬥405(17)—FEDERAL COURTS—ASSIGNMENT OF ERRORS—NECESSITY.
    Rule 11 requires that the plaintiff in error shall file with his petition for writ of error or appeal an assignment of errors, and declares that no writ of .error or appeal shall be allowed until such assignment of errors shall be filed; while rule 24 provides that, when there is no assignment of errors, counsel will not be heard, except at the request of the court, and

---
⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

errors not specified according to the rule may be disregarded, though the court at its option may notice a plain error not assigned or specified. *Held,* that rule 11 is one of practice and not jurisdiction, and, while the court may notice a plain error not assigned to prevent a miscarriage of justice, the court will not sift the record, and a writ of error will be dismissed, where no assignment of errors was filed in time, and no plain or obvious error appeared on the face of the record; the errors complained of relating to rulings on evidence and instructions.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⬅405(17).]

In error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Action between the Willamette & Columbia River Towing Company, a corporation, and Ella A. Hutchison. There was a judgment for the latter, and the former brings error. Writ dismissed.

Senn, Ekwall & Recken, of Portland, Or., for plaintiff in error.

Manche I. Langley, of Forest Grove, Or., Lotus, L. Langley, of Portland, Or., and Fred Olson, of Oakesdale, Wash., for defendant in error.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The defendant in error moves to dismiss the appeal on the ground that no assignment of errors was filed until after the allowance and issuance of the writ of error. The filing of the petition for the writ, the order allowing the same, and the service of the writ were all had on May 18, 1916. The assignments of error were not filed until June 3, 1916. Our rule 11 requires that the plaintiff in error shall file with the clerk of the court below, with his petition for the writ of error or appeal, an assignment of errors, and declares that no writ of error or appeal shall be allowed until such assignment of errors shall be filed. Rule 24 provides that, when there is no assignment of errors, counsel will not be heard except at the request of the court, and errors not specified according to the rule will be disregarded; but the court, at its option, may notice a plain error not assigned or specified. Although in the Eighth circuit the Circuit Court of Appeals has announced the hard and fast rule that an assignment of errors is indispensable to the perfection of the appeal (Frame v. Portland Gold Min. Co., 108 Fed. 750, 47 C. C. A. 664; Webber v. Mihills, 124 Fed. 64, 59 C. C. A. 578; Lockman v. Lang, 128 Fed. 279, 62 C. C. A. 550; Simpson v. First Nat. Bank, 129 Fed. 257, 63 C. C. A. 371), we do not understand that the court intended absolutely to deny its jurisdiction to entertain a writ of error or appeal in cases where no assignment of errors was filed in due time, but rather that it intended to hold that the rule was an indispensable rule of practice. This is indicated by the decision of that court in United States v. Goodrich, 54 Fed. 21, 4 C. C. A. 160.

The proper application of the provisions of rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii) is indicated, we think, in P. P. Mast & Co. v. Superior Drill Co., 154 Fed. 45, 83 C. C. A. 157, in which the Circuit Court of Appeals for the Sixth Circuit held that the purpose of de-

claring that the court at its option may notice a plain error not assigned is to prevent the miscarriage of justice from oversight, and that it does not intend that the court is to sift the record and deal with questions of small importance, but only that it may notice errors which are obvious and of a controlling character. In Hultberg v. Anderson, 203 Fed. 853, 122 C. C. A. 171, the Circuit Court of Appeals for the Seventh Circuit held that the requirement of rule 11 that no writ of error or appeal shall be allowed, unless an assignment of errors has been filed, is not jurisdictional, but is a rule of practice, and that the court may punish the appellant by dismissal for noncompliance with the rule, or it may hear the controversy and decide the merits as justice may seem to require in the particular case. In that case the court noticed a plain error which was apparent upon the face of the decree, and as to which an assignment of error would have served no useful purpose.

The situation referred to in the decision in P. P. Mast & Co. v. Superior Drill Co. is the situation which we find in the case at bar. No plain and obvious error appears on the face of the record, and the assignments of error all relate to the rulings of the trial court in admitting evidence and giving and refusing instructions to the jury, and their consideration requires an examination of the whole record in order to ascertain whether error has been committed. There is nothing in the record to bring the present case within the rulings of this court in Tyee Consol. Min. Co. v. Langstedt, 121 Fed. 709, 58 C. C. A. 129, or Moore v. Moore, 121 Fed. 737, 58 C. C. A. 19, cited by the plaintiff in error. The requirements of rule 11 must be complied with. No injustice is done by the enforcement of rule 24, subd. 5 (150 Fed. xxxiii, 79 C. C. A. xxxiii), in the present case, for we have examined the record sufficiently to see that no substantial error was committed by the trial court.

The writ of error is dismissed.