## In re MINOT AUTO CO., Inc.

## UNITED STATES v. HINES.

(Circuit Court of Appeals, Eighth Circuit.  April 21, 1924.)

No. 233.

1. **Bankruptcy ⬤⇒444—Vacating order enlarging time for filing petition for review not abuse of discretion.**

    Order of District Court, vacating an order enlarging the time for filing a petition for review, *held* not abuse of discretion.

2. **Bankruptcy ⬤⇒345—United States bound by Bankruptcy Act.**

    Bankruptcy Act 1898 (Comp. St. §§ 9585–9656) operates on and binds government of United States.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **United States ⬤⟹124—Must conform to court rules, same as other litigants..**

When United States enters one of its courts as a litigant, it lays aside its power, and to same extent as other litigants must conform to court rules.

4. **Appeal and error ⬤⟹161—One cannot accept benefit of judgment, and then appeal from it.**

One cannot accept a benefit under a judgment and then appeal from it, when effect of appeal may be to annul judgment, unless his right to benefit is absolute, and cannot be affected by a reversal.

5. **Bankruptcy ⬤⟹443—Retention of benefit of order by United States waiver of right to have it reviewed.**

Where United States received and retained that which bankruptcy court determined was full amount of taxes due it, it waived its right to a review of order establishing the tax claim in a stated amount and finding that assessments in excess of that amount were void.

Petition to revise order of the District Court of the United States for the District of North Dakota; Charles F. Amidon, Judge.

In the matter of the Minot Auto Company, Inc., bankrupt, in which W. E. Hines was appointed trustee. Petition by the United States to revise an order vacating an order enlarging the time within which a petition for review might be filed. Petition denied.

Melvin A. Hildreth, Sp. Asst. U. S. Atty., of Fargo, N. D. (S. L. Nuchols, Asst. U. S. Atty., of Bismarck, N. D., on the brief), for the United States.

Robert H. Bosard, of Minot, N. D. (G. W. Twiford, of Minot, N. D., on the brief), for respondent.

Before SANBORN and LEWIS, Circuit Judges, and McGEE, District Judge.

McGEE, District Judge. In this, a bankruptcy proceeding, the United States of America, as petitioner, seeks to have revised an order of the court below of date August 5, 1922, the nature of which will appear later herein. On the 11th of February, 1922, the Minot Auto Company, Inc., on its own petition, was adjudicated a bankrupt, and on the 25th of the same month the respondent, Hines, was duly elected trustee. On March 23, 1922, the Commissioner of Internal Revenue made assessments against the bankrupt, on account of its income for the years 1917 and 1918, which, with penalties, aggregated $12,892.60.

On March 27, 1922, the collector of internal revenue for the district of North Dakota filed with the referee in bankruptcy claims for the taxes aforesaid, and on the same date Hines, as trustee, filed a petition with the referee in which he assailed the assessments so made by the Commissioner as illegal, denied that the bankrupt was indebted to the petitioner in any sum whatever for or on account of income taxes for either 1917 or 1918, alleged that the bankrupt within the period prescribed by law therefor duly made its reports to the proper collector of internal revenue, showing correctly its income for the two years mentioned, that within the period prescribed therefor the bankrupt paid all income taxes due the petitioner from it for the years 1917 and 1918, and further denied that the petitioner had any valid or legal lien against the estate of the bankrupt for any income taxes whatever, and prayed

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that an order be issued requiring the petitioner to show cause before the referee why the Commissioner's assessments referred to should not be declared illegal, and an order made declaring that the petitioner had no lien or claim by reason thereof in, on, or to any of the property or assets of the estate of the bankrupt. Thereupon the referee issued an order requiring the petitioner to show cause before him, the said referee, on the 18th of April, 1922, why the assessments made as aforesaid should not be declared to have been illegally made, and for that reason to be invalid.

On the 3d of April, 1922, the petitioner, by its attorney for the district of North Dakota, appeared specially and objected to the jurisdiction of the referee to hear and determine the matters presented by the petition and order to show cause, and took the position that the referee in bankruptcy was without jurisdiction to—

"hear, try, and determine the amount and validity of any assessments of income tax against the above-named Minot Auto Company, a corporation, bankrupt, for the reason that the income tax so assessed against the said bankrupt by the Commissioner of Internal Revenue by reason of such assessment becomes a first, valid, and superior lien upon all the assets of said bankrupt until the validity of said assessment and said lien has been determined by a court of competent jurisdiction in a proceeding in equity in the District Court of the United States to determine the validity of said lien and until and unless said lien is declared to be invalid in such proceeding in equity."

The case proceeded to trial before the referee, and resulted on April 20, 1922, in a finding by the referee in favor of the petitioner, establishing the claim of the latter at $1,956.90, and finding the assessments in excess of that amount void. The time for filing a petition for review under the rules of the District Court for the District of North Dakota is limited to 15 days, and expired on May 5, 1922, without a petition having been filed. After the expiration of the 15-day period the referee went forward with the distribution of the estate. He ordered the trustee to pay the federal, state, county, city, and school taxes, which was done. These payments practically exhausted the estate.

On the 5th day of May, 1922, the United States attorney was directed by the Attorney General to file a petition for review, which, if it had been done on that day, would have been within the 15-day period, but no step in that direction was taken until 52 days later, on June 26, 1922, when on an ex parte application an order was obtained extending the time within which a petition for review might be filed to and including July 1, 1922. Pursuant to the leave so granted a petition was filed on June 27, 1922.

The trustee thereupon objected to the court hearing the petition for review, and sought a vacation of the order authorizing it to be filed after time, on the grounds that it had been improvidently granted in this: That the time had expired within which a petition could be filed before such petition was filed, and before any order extending the time had been made; that it was not filed until after the referee had ordered the trustee to pay, and the trustee had paid, the preferred claims, consisting of taxes in favor of the United States, as well as the state, county, city, and school taxes, and the expenses of administration, which, as stated, practically exhausted the funds in the hands

of the trustee, and that the petitioner had received and accepted full payment from the trustee of the amount awarded to it by the decision of the referee, and was thereby precluded from seeking a review of the order of April 20, 1922.

[1] On August 5, 1922, the court made its order sustaining the objections of the respondent, vacated the order enlarging the time within which a petition for review might be filed, ordered the record returned to the referee, with directions to proceed with the due and orderly administration of the estate, with a stay of 15 days to permit the government to take proceedings for the review of the order, if it should be so advised. The case is before the court at this time on a petition to revise the order last mentioned.

The question whether or not the order should be vacated was one addressed to the discretion of the court below; and the order made must be sustained, unless it can be said on the record that the action of the court in vacating it amounted to an abuse of discretion. No such claim is made, and on the record none such could be made.

If we correctly understand the position taken by counsel for the petitioner, as outlined in his brief, it is:

(a) "The United States are in no wise bound by the Bankruptcy Act. (b) As the United States are in no wise bound by the Bankruptcy Act, then it follows as a logical conclusion that the United States are in no wise bound by a rule of the court made pursuant to and by the authority of the Bankruptcy Act. The greater always includes the lesser, and, if the United States are not bound by the act of Congress, surely it cannot be bound by any rule or order of court made pursuant to the act. (c) The rule of court limiting the time to 15 days from the date of the order of the referee in bankruptcy within which a petition for review of such order may be filed with the referee, if applied to the government, would diminish and restrain the right of the government to have such order reviewed, and therefore such rule cannot apply to the United States government."

[2] The fundamental error which pervades the argument of counsel is the assumption that the Bankruptcy Act of 1898 (Comp. St. §§ 9585–9656) does not operate upon and bind the government of the United States. That the Bankruptcy Acts of 1800 (2 Stat. 19), 1841 (5 Stat. 440), and 1867 (14 Stat. 517) did not have that effect may be conceded; but the Bankruptcy Act of 1898 evinces a change of policy in that respect on the part of Congress and is binding upon the government of the United States.

The exact proposition advanced by counsel for petitioner, and supported by the authorities cited in the petitioner's brief, was presented to, and sustained by, the Circuit Court of Appeals of the Third Circuit in Title Guaranty & Surety Co. v. Guarantee Title & Trust Co., 174 Fed. 385, 98 C. C. A. 603. That case, however, on that precise point, on appeal was reversed by the Supreme Court of the United States, and the rule was laid down, and is now well settled, that the United States is bound by the provisions of the Bankruptcy Law of 1898. Guarantee Co. v. Title Guaranty Co., 224 U. S. 152, 32 Sup. Ct. 457, 56 L. Ed. 706; In re Blackstaff Engineering Co. (D. C. Ga.) 200 Fed. 1019; In re General Film Corporation (C. C. A. 2) 274 Fed. 903; In re Anderson (C. C. A. 2) 279 Fed. 525; In re Tidewater Coal Exchange (C. C. A. 2) 280 Fed. 648; In re Stork Contractors' Export

Corporation (D. C. Fla.) 285 Fed. 438; In re Kittenplan (D. C. N. Y.) 285 Fed. 62; United States v. Wood (C. C. A. 2) 290 Fed. 109; In re A. J. Waterman Mfg. Co. (D. C. Me.) 291 Fed. 589.

[3] No case has been cited, and we think none can be found, sustaining the proposition that the United States, because of its sovereign character, when a litigant in one of its courts, is not bound by the rules enacted for the orderly administration of justice. More than 30 years ago, in United States v. Goodrich, 54 Fed. 21, 4 C. C. A. 160, this court held that its rules were binding upon the United States. The United States, when it enters one of its courts as a litigant, lays aside its power, and to the same extent as other litigants must conform to rules, without the enforcement of which the orderly administration of justice in the courts would be impossible.

[4] Counsel for the respondent maintain that the petitioner, having received and retained the full amount awarded to it by the order of the referee, has waived its right to have the order in question reviewed. The rule is well settled that one cannot accept a benefit under a judgment, and then appeal from it, when the effect of the appeal may be to annul the judgment, unless his right to the benefit is absolute, and cannot be affected by the reversal of the judgment. Embry v. Palmer, 107 U. S. 3, 8, 2 Sup. Ct. 25, 27 L. Ed. 346; Gilfillan v. McKee, 159 U. S. 303, 311, 16 Sup. Ct. 6, 40 L. Ed. 161; Albright v. Oyster (C. C. A. 8) 60 Fed. 644, 9 C. C. A. 173; Worthington v. Beeman (C. C. A. 7) 91 Fed. 232, 33 C. C. A. 475; Chase v. Driver (C. C. A. 8) 92 Fed. 780, 34 C. C. A. 668; In re Letson (C. C. A. 8) 157 Fed. 78, 84 C. C. A. 582; Carson Lumber Co. v. St. Louis & S. F. R. Co. (C. C. A. 8) 209 Fed. 191, 126 C. C. A. 139; Peck v. Richter (C. C. A. 8) 217 Fed. 880, 133 C. C. A. 590.

[5] The petitioner asserted in the bankruptcy court that there was due from the bankrupt, on account of income taxes for 1917 and 1918, the sum of $12,892.60. The respondent denied that there was any sum whatever due, and alleged affirmatively that for both years its income was correctly reported and the taxes thereon promptly paid. The referee, proceeding under section 64a of the Bankruptcy Act, decided that the claim of the petitioner was valid to the extent of $1,609.14 (with interest), and invalid to the extent of $11,283.46, and directed that the trustee pay to the petitioner $1,609.14, with interest, amounting in the aggregate to the sum of $1,956.20, which was done. The trustee's check for the latter amount, payable to the collector of internal revenue for the district of North Dakota was sent to that officer in care of the United States attorney for North Dakota, and was received, retained, and covered into the treasury of the United States.

The record in this case thus affirmatively shows that, after a contest before the bankruptcy court, the amount the petitioner was entitled to receive and the respondent was in duty bound to pay was determined by the court. There was no amount whatever conceded to be due. The whole matter was in controversy. Our attention has not been directed to a case, nor have we been able to find one, holding that where, under such circumstances, the amount paid was determined by a court of competent jurisdiction to be the full amount of the tax,

that the party in whose favor the judgment was entered, and who received the sum so fixed, could thereafter prosecute an appeal therefrom.

Counsel for the petitioner concedes that ordinarily the court will not review a judgment if the same has been paid and satisfied, and also concedes that the order of the referee in determining the amount due, has the force and effect of a judgment, but insists that the United States is not bound by the acts of its officers in accepting in settlement of a claim for taxes a sum less than the amount thereof; but the answer is that the sum accepted in the instant case was the full amount of the taxes as determined by the court specially authorized to pass upon that question.

The cases of United States v. Beebe, 180 U. S. 343, 21 Sup. Ct. 371, 45 L. Ed. 563, and Utah Power & Light Co. v. United States, 243 U. S. 389, 37 Sup. Ct. 387, 61 L. Ed. 791, relied upon by the petitioner are not in point. In the Beebe Case a suit had been brought in the name of the United States against two sureties on a bond on which there was an undisputed liability of $28,000. The United States attorney undertook to compromise the case for $200, but, apparently conscious of the fact that without express authority from the proper source he had no power to do so, assented to an arrangement by which a record was made in the case showing contrary to the truth, and the fact that a jury was impaneled, testimony taken, and a verdict returned, on which a judgment was entered in favor of the United States against each defendant for $100 and costs. One of the defendants paid the amount of the judgment; the other did not. Thereafter, apparently on discovery of the true nature of the transaction, the government brought a suit against the sureties, in which it sought to have the judgment mentioned vacated and set aside on two grounds: (a) That it had been obtained by fraud; (b) that the United States attorney had no authority to consent to the proceeding. The judgment was set aside on the second ground. In disposing of the case on appeal, Mr. Justice Peckham, speaking for the court, said:

"Indeed, the utter want of power of an attorney, by virtue of his general retainer only, to compromise his client's claim, cannot, we think, be successfully disputed. A judgment entered upon such a compromise is subject to be set aside on the ground of the lack of authority in the attorney to make the compromise upon which the judgment rests. Prima facie, the act of the attorney in making such compromise and entering or permitting to be entered such judgment is valid, because it is assumed the attorney acted with special authority; but, when it is proved he had none, the judgment will be vacated on that ground. Such judgment will be set aside upon application in the cause itself, if made in due time or by a resort to a court of equity, where relief may be properly granted. In Robb v. Vos, 155 U. S. 13, it was held that, although the judgment was on its face valid and regular, yet, inasmuch as the attorney who appeared on behalf of one of the defendants did so without the consent of his principal, the remedy of the principal, when the facts came to his knowledge, was in equity, where the judgment might be set aside as to him. So, if the judgment be in fact entered upon a compromise made by the attorney, who had no authority to make it, the judgment may be attacked and set aside in an equitable action upon proof of the necessary facts."

It will be noted that the principle applied by the court is one of general application, and is not limited to cases in which the United States

is a party. The case would be relevant if, in the instant case, the judgment entered in the bankruptcy court was in execution of a compromise agreement made by the United States attorney without authority; but it is not even suggested that any such thing occurred.

The case of Utah Power & Light Co. v. United States, supra, has no bearing whatever upon the question involved.

We are of the opinion that the petitioner, by receiving and retaining that which the bankruptcy court determined was the full amount of the taxes, thereby waived its right to have the order of April 20, 1922, revised.

The petition to revise is denied.