## ILLINOIS CENT. R. CO. v. UNITED STATES.

### (Circuit Court of Appeals, Eighth Circuit. March 14, 1917.)

### No. 4782.

MASTER AND SERVANT ☞13—STATUTORY REGULATION—HOURS OF SERVICE.

A few hundred feet from a depot a railroad company maintained an interlocking tower, necessary to the proper operation of its road and not erected to evade the statute. Its agent and operator worked at the depot from 7 a. m. to 7 p. m., at which time another operator removed the train register and order book to the tower, where all orders and messages pertaining to train movements were received and sent until 7 a. m. *Held*, that the depot and tower were not separate offices, but a continuously operated office, within Hours of Service Act March 4, 1907, c. 2939, 34 Stat. 1415 (Comp. St. 1916, §§ 8677–8680), and the statute was violated by keeping such operators on duty longer than is permitted thereby at continuously operated offices.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 14.]

In Error to the District Court of the United States for the Northern District of Iowa; Henry T. Reed, Judge.

Action for penalties by the United States against the Illinois Central Railroad Company. Judgment for the United States (234 Fed. 433), and defendant brings error. Affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Helsell & Helsell, of Ft. Dodge, Iowa, and W. S. Horton and Blewett Lee, both of Chicago, Ill., for plaintiff in error.

Philip J. Doherty, Sp. Asst. U. S. Atty., of Washington, D. C. (Frank A. O'Connor, U. S. Atty., of New Hampton, Iowa, on the brief), for the United States.

Before CARLAND and STONE, Circuit Judges, and MUNGER, District Judge.

CARLAND, Circuit Judge. The United States brought this action against the railroad company to recover penalties for 15 alleged violations of the Hours of Service Act (34 Stat. 1415). The employés involved were operators employed at Manson, Fonda, and Rockwell City, Iowa; and while on duty by the use of the telegraph and telephone reported, transmitted, received, and delivered orders pertaining to and affecting the movement of trains engaged in interstate commerce. They were permitted to remain on duty for a longer period than 9 hours in a 24-hour period. The defense was that the office or place of employment was not continuously operated night and day, and therefore there was no excess service. A jury being waived, the trial court found against the railroad company, and, after considering certain correspondence between the Company and the Interstate Commerce Commission in mitigation of the amount of the penalty imposed by law, adjudged a penalty of $50 on each of the 15 counts of the complaint.

At the towns of Manson, Fonda, and Rockwell City the railroad company maintains a depot building in which the business usually carried on in such a building is conducted. The depot building at Rockwell City was constructed in 1905, at Manson in 1893, and at Fonda in 1870. At each of said towns the railroad company has also interlocking towers. The tower at Rockwell City was built in 1900, at Manson in 1901, and at Fonda in 1900. The interlocking towers are necessary to the proper operation of the railroad, and were not erected for the purpose of evading the Hours of Service Act. The tower at Rockwell City is located 750 feet east from the depot, at Manson 900 feet west of the depot, and at Fonda 385 feet west of the depot.

The manner in which the employés performed their service at Rockwell City was as follows: The agent and operator worked at defendant's depot from 7 a. m. to 7 p. m. At 7 p. m. another operator reported for duty, took charge of the train register and train order book at the depot, carried the same to the tower, worked at the tower until 7 o'clock a. m., when he returned to the depot with the train register and order book, turning them over to the operator at the depot. All orders and messages received or sent by the use of the ordinary telegraph instrument or telephone pertaining to train movements, received and delivered at Rockwell City between the hours of 7 a. m. and 7 p. m., were received and delivered at the depot. All orders pertaining to the Illinois Central trains received and delivered at Rockwell City between the hours of 7 p. m. and 7 a. m. of the succeeding day were received and delivered at the tower. The night towerman performed no work whatever at the depot, and the day operator performed no work at the

tower. The services of the employés at Manson and Fonda were performed in a similar manner.

On this state of facts it is claimed by the railroad company that the tower was a night office and the depot a day office, and that neither can be said to be a day and night office. We do not think this distinction can be made. In the case of Atchison, Topeka & S. F. Ry. Co. v. United States, 236 Fed. 908, —— C. C. A. ——, this court said:

"Obviously the intent of the statute would be defeated if the work at a place of a character requiring attention both day and night were divided between two shifts and performed with separate instruments installed in near proximity. And what could not be done as a new departure would be equally inadmissible as an old custom. The division of the night and day control of train movements in a single restricted district between telegraphic installations in different parts of the same building, or on the north and south sides of the same street, with an oscillation of the paper records and undelivered messages back and forth, would quite clearly not divide the 'place' within the intent of the statute. The case here is not different in principle. The work of the two operators, one at Guthrie and the other at South Guthrie, was a unit in all practical aspects, and it was so recognized in the practice of the company."

We think the present case is ruled by the case cited. The facts as agreed upon are fully stated in a note to the opinion of the court below. 234 Fed. 433.

Judgment affirmed.