**EASTERN TAR PRODUCTS CORPORATION, by its Directors, Grant Thorn, Genevieve U. Thorn, and Samuel Uhlfelder, in trust for its creditors, stockholders and members**

v.

**UNITED STATES of America.**

**Civ. No. 10306.**

United States District Court
D. Maryland.
Feb. 6, 1959.

Harry S. Shapiro, Baltimore, Md., for plaintiff.

Leon H. A. Pierson, U. S. Atty., and Robert E. Cahill, Asst. U. S. Atty., Baltimore, Md., Charles K. Rice, Asst. Atty. Gen., James P. Garland and Jack F. Blair, Attys., Dept. of Justice, of Washington, D. C., for defendant.

THOMSEN, Chief Judge.

The government has moved to dismiss, on grounds of res judicata and estoppel, this action to recover $6,903.07 out of $8,000 paid in compromise settlement of

the government's tax claim filed in a state court proceeding brought under the Maryland Sales in Bulk Act. Ann.Code of Md., 1957 ed., Art. 83, § 97 et seq.

That proceeding had been instituted in the Circuit Court of Baltimore City on February 17, 1953, by the purchaser of the Baltimore plant of Eastern Tar Products Corp. The court had entered an order appointing Irving B. Grandberg receiver "with the power and authority to take ·charge, custody and possession of the purchase price of the sales in bulk in the matter of Eastern Tar Products Corp., vendor, and Baltimore Tar Corporation, purchaser * * *". The notice to creditors required by the statute was duly published.

On January 15, 1954, the District Director of Internal Revenue made and entered against Eastern Tar Products Corp. an assessment of Federal income taxes withheld from wages, Federal Insurance Contribution Act, 26 U.S.C.A. § 3101 et seq., taxes and Federal unemployment taxes for the second, third and fourth quarters of 1952 and the first quarter of 1953. A claim in the amount of $17,834.48 for those taxes was filed in the state court proceeding.

The receiver filed exceptions to the government's claim and a hearing thereon was held on November 3, 1954, at which Harry S. Shapiro, the attorney for Eastern Tar Products Corp., was present and Grant Thorn, the president of the corporation, testified. At the close of the hearing, the judge held the matter sub curia and suggested that corrected returns be filed on behalf of the corporation. Such returns were prepared by the corporation's bookkeeper and filed by Thorn as its president, but were rejected by the government because they were not supported by checks, books and records. Thereafter, following negotiations between the receiver and the government, the receiver offered to pay, subject to the approval of the court, $8,000 in full settlement of the government's priority claim of $17,834.48. The government accepted the offer, and on July 14, 1955, the Circuit Court authorized the receiver "to compromise the tax claim of the United States Internal Revenue Service, filed herein in the amount of $17,834.48 for the sum of $8,000 and to pay the same to it at this time, and to receive allowance for said payment in his Receiver's account."

On August 5, 1955, Thorn and Shapiro learned of the rejection of the corrected returns and of the compromise of the government's claim. They promptly filed in the Circuit Court proceeding a petition on behalf of Eastern Tar Products Corp., alleging that it had "definite evidence which directly affects the claims of the United States which in turn affects the various interests of the creditors, stockholders and members of the said Eastern Tar Products Corp.", stating that it desired to present this evidence in open court, and praying that the order of July 14, 1955, be rescinded. Answers to that petition were filed by the receiver and by the United States. Testimony was taken, counsel were heard, and on December 16, 1955, the court dismissed the petition.

Eastern Tar Products Corp. had also appeared and excepted to a number of other claims.

On March 1, 1956, an auditor's account was filed in which the receiver was allowed credit for the $8,000 paid in compromise settlement of the government's priority claim. After expenses and all priority claims were provided for, enough remained to pay a dividend of 24.56504% on the claims of general creditors which had been allowed in the amount of $124,-135.07. The account was finally ratified on March 13, 1956, except as to a claim of Grant Thorn and Harry Shapiro, not relevant here.

Meanwhile, on October 3, 1953, the charter of Eastern Tar Products Corp. had been forfeited by the State Tax Commission of Maryland. Grant Thorn, Genevieve U. Thorn, and Samuel Uhlfelder, its directors, thereupon became trustees for its creditors, stockholders and members. Ann.Code of Md., 1957 ed:, Art. 23, § 78.

On January 21, 1957, the corporation filed with the Acting District Director of Internal Revenue a claim for refund in the amount of $6,903.07, contending that its total liability for the taxes in question was $1,096.93 and that the $8,000.00 had been erroneously and illegally collected. The claim was denied, and this action was filed on January 23, 1958. The complaint alleges that the receiver incorrectly paid the $8,000 to the United States "in that the said payment did not reflect the actual social security and withholding tax liability of the said Eastern Tar Products Corp. * * *" The government has moved to dismiss the complaint, the plaintiff has filed an answer to the motion, briefs have been filed and the parties have agreed that the court may consider the relevant papers filed in the state court proceeding.

Plaintiff contends that the Circuit Court had no authority to enter the order of July 14, 1955, approving the settlement of the government's claim, because that proceeding was not a general receivership, but a special, statutory receivership,[1] and Eastern Tar Products Corp. was not a party to the petition which sought approval of the compromise settlement, and had no notice thereof until after it was approved.

This argument, however, overlooks the following facts: (1) Eastern Tar Products Corp. became a party to the Circuit Court proceedings, and filed a petition therein to rescind the order approving the settlement. A hearing was held on that petition, testimony was taken, counsel was heard, and the court entered an order dismissing the petition. (2) Under the settlement, the United States gave up its claim for the difference between $8,000 and $17,834.48. (3) The auditor's account allowing the United States $8,000 was duly ratified and confirmed.

These facts make out a clear case of res judicata and estoppel.[2] Marine Bank v. Heller, 94 Md. 213, 50 A. 521; Fetting v. Flanigan, 185 Md. 499, 506–509, 45 A.2d 355, 174 A.L.R. 301; United States v. Pate, D.C.W.D.Ark., 47 F.Supp. 965; Aviation Corporation v. United States, 97 Ct.Cl. 550, 46 F.Supp. 491, certiorari denied 318 U.S. 771, 63 S.Ct. 759, 87 L.Ed. 1141.

The complaint must be and is hereby dismissed.

---

1. See 45 Am.Jur. (Receivers, sec. 3) p. 15. Ann.Code of Md., 1957 ed., Art. 83, sec. 98 provides that the receiver "shall be entitled to the custody and distribution of the agreed purchase price under orders of the court as in other receiverships."

2. It is not necessary to consider what the effect of the order of July 14, 1955, would have been absent some or all of the enumerated facts.